CELINA MUTUAL INSURANCE COMPANY *v.* D'AGOSTINO.

(No. 4540—Decided December 22, 1971.)

Municipal Court of South Euclid.

*Mr. L. Edward York,* for plaintiffs.
*Messrs. Geraci & LaPerna* and *Mr. Rudolph J. Geraci,* for defendant.

KLEIN, J. Plaintiff's petition was filed on November 28, 1968. It was served by mail upon the defendant. The defendant being in default of answer or other pleading, the matter was set for evidence and came on for hearing on April 9, 1969. The defendant did not appear. Evidence was taken and judgment was rendered against the defendant for $305.93. The court sent the defendant notice of the judgment by mail. No further court action was taken until March 1971, at which time the plaintiffs unsuccessfully attempted to garnishee the defendant's wages. On June 24, 1971, the plaintiffs successfully levied upon a motor vehicle owned by the defendant. On June 29, 1971,

a "complaint to vacate judgment' motion to stay proceedings, affidavit attached" was filed by the defendant. This complaint (motion) set forth the following four reasons for requesting that the court vacate the judgment against the defendant:

"1. Defendant says that on the 9th of April, 1969, at a previous term of this court, the plaintiff herein obtained a judgment against this defendant for the sum of $305.93.

"2. Defendant says that by reason of unavoidable casualty, misfortune, irregularity, among other reasons, as hereinafter alleged, he was prevented from defending said action.

"3. Defendant alleges that he was insured at the time of the alleged occurrence, that he turned this matter over to his insurance agent, who assured him not to be concerned about the matter and that he would take care of it. The defendant on numerous occasions contacted his insurance agent and also an attorney who referred the defendant to the said agent; both of them constantly assured the defendant not to be concerned about the matter, that it would be taken care of.

"4. That defendant has a valid defense to said action in that he was not at fault in causing the damage alleged."

The affidavit of the defendant, Daniel D'Agostino, attached to the "complaint to vacate" provided as follows:

"Daniel D'Agostino, being first duly sworn, deposes and says that at the time of the alleged occurrence, I was insured by an insurance company for which a J. S. Fromson was my insurance agent; that at the time of the occurrence and many, many times thereafter, I notified Mr. Fromson of the accident and of the occurrences subsequent thereto, that Mr. Fromson indicated to me on numerous occasions not to be concerned about the matter, that he or his insurance company would take care of it.

"Further, when I continued receiving notices of vari-

---

¹It would appear that this pleading was misnomered. Rule 60 of the Ohio Rules of Civil Procedure provides that relief from final judgment is by motion. The court has treated defendant's "complaint to vacate judgment" as a "motion to vacate judgment" under Rule 60.

ous types and calls I sought the counsel of an attorney in the law office —, who originally referred me to Mr. Fromson as an insurance agent; and I indicated to him what was happening and that Mr. Fromson had told me not to be concerned about the matter and that he would take care of it. It appears that the lawsuit was continuing and I inquired as to what I should do. This attorney told me not to be concerned about it, that if I had insurance that I would have no problem and that further, he would contact Mr. Fromson.

"It was because of the representations of Mr. Fromson and of the attorney that I contacted that I did not file an answer in the herein case. I do have a defense available and respectfully request this court to vacate the judgment entered herein by default and allow me to defend."

The defendant's motion was set for oral hearing on July 27, 1971. The court's typewritten notice to the parties apprising them of the hearing contained two paragraphs, the second paragraph thereof stated as follows:

"*The court expects all necessary witnesses* to be present at hearing to sustain position of parties as alleged in respective briefs." (Emphasis added.)

In spite of the admonition set forth above, neither the insurance agent nor the attorney referred to in defendant's affidavit, were issued subpoenas to appear in court at the time of the oral hearing. Furthermore, the defendant did not produce any physical evidence in support of his claim that he possessed an insurance policy which was in full force and effect at the time of the accident in question.

The defendant and the plaintiff's attorney testified at the oral hearing on July 27, 1971. In addition to what he had stated in his affidavit, defendant testified that he had received notices and phone calls concerning collection of the damages, and he had sent these notices and referred these calls to his insurance agent. Defendant also acknowledged receiving a "notice of some sort" from the court, at which time he contacted an attorney and turned over the court notices to this attorney or to his insurance agent.

Plaintiff's attorney testified that he contacted defendant's insurance agent, F. S. Fromson, and said agent did not acknowledge that there was insurance coverage on the date of the accident in question.

## THE LAW

The evidence elicited at the oral hearing left the court with very serious doubts as to whether or not the defendant did, in fact, have insurance coverage on the date of the accident which was the subject matter of plaintiff's petition. Also, in the light of the special admonition contained in the court's letter setting a date for the oral hearing, it would seem that defendant should have subpoenaed both the attorney and insurance agent referred to in defendant's affidavit to testify at the oral hearing. In this regard, it is particularly significant that defendant's attorney knew prior to the oral hearing that plaintiff's attorney was questioning the existence of any insurance coverage.[2] For the foregoing reason and for the other reasons hereinafter discussed, it must be concluded that the evidence elicited at the oral hearing was not of sufficient weight or persuasiveness to justify vacating a judgment rendered against the defendant more than two years ago. But, be that as it may, there is still another reason why defendant's motion must be denied. Rule 60 of the Ohio Rules of Civil Practice entitled "relief from judgment or order" governs the disposition of a motion to vacate judgment. Subdivision (B) of this rule provides as follows:

"(B) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

---

[2] Plaintiff's attorney stated in his pre-hearing brief that he had contacted insurance agent Fromson "—and was not advised of any insurance coverage for defendant—" on the date of the accident in question.

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

It is the opinion of the court that the basis for defendant's motion is predicated on "excusable neglect," this being one of the reasons specified in Item (1) of Rule 60(B). Since a motion predicated upon Items (1), (2), or (3) of Rule 60(B) must be filed within one year from the date judgment was entered or taken. Defendant's motion in the instant situation was not timely filed.

In arriving at the conclusion set forth above, this court has not been unmindful of the fact that defendant has claimed that his motion is predicated on Item (5) of Rule 60(B); however, when the rationale upon which a motion to vacate is based follows within the scope of Items (1), (2), (3) or (4) of Rule 60(B), the specific language of Item (5) of Rule 60(B) precludes reliance on Item (5) to secure the requested relief, to wit: Item (5) states "any *other* reason justifying relief from the judgment"; therefore, the scope of Item (5) is limited to reasons "other" than those set forth in Items (1) through (4). To conclude otherwise would enable a party to escape the one-year time limitation prescribed by the Ohio Supreme Court for the reasons encompassed by Items (1), (2) and (3). An examination of Rule 6(B) of the Ohio Rules of Civil Procedure fortifies the foregoing conclusion. Rule 6(B) provides as follows:

"(B) *Time: extension.* When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; *but it may not extend the time for taking any action under* Rule 50(B), Rule 59(B), Rule 59(D) and *Rule 60(B), except to the extent and under the conditions stated in them.*" (Emphasis added.)

Since Rule 6(B) specifically precludes a court from extending the time for taking any action under Rule 60(B), it seems clear that it was not the intent of the Ohio Supreme Court when it promulgated Rule 60(B) of the Ohio Rules of Civil Procedure to permit Item (5) of Rule 60(B) to be used as a means of circumventing the one-year time limitation provided for Items (1), (2) and (3) of Rule 60(B).

Further support for the conclusions set forth above is found in the "staff notes" for Rule 60 of the Ohio Rules of Civil Procedure and in the decisions of the Federal Courts interpreting Rule 60 of the Federal Rules of Civil Procedure.[3] The "staff notes" for Rule 60 of the Ohio Rules of Civil Procedure provide in part as follows:

"The operation of the fifth provision for vacation of a judgment under Rule 60(B)—'any other reason justifying relief from the judgment'—has been given very sparing application by the federal courts under the similar federal

---

[3]Rule 60 of the Ohio Rules of Civil Procedure is similar to Rule 60 of the Federal Rules of Civil Procedure. Item (1) of Rule 60(b) of the Federal Rules of Civil Procedure is identical to Item (1) of Rule 60 (B) of the Ohio Rules of Civil Procedure and Item (6) of Rule 60(b) of the Federal Rules of Civil Procedure is almost identical to Item (5) of Rule 60(B) of the Ohio Rules of Civil Procedure, to wit: Rule 60(b) (6) of the Federal Rules states "any other reason justifying relief from the operation of the judgment."

rule provision. The federal courts have held that the provision may not be used as a substitute for one of the first three grounds for vacation of a judgment after the one-year limitation has run on one of the first three grounds. The grounds for invoking the catch-all provision, not subject to the one-year limitation, should be substantial.—''

In *Sunfire Coal Company* v. *United Mine Workers of America* and *Price* v. *United Mine Workers of America* (1964), 335 F. 2d 958, the U. S. Court of Appeals, Sixth Circuit stated as follows:

"* * * To get relief under subsection (b) (6) they must assert some 'other' reason, for such section is limited to 'any *other* reason justifying relief * * *.'

"* * * Neither the District Judges nor ourselves are at liberty to do violence to the clear language of Rule 60(b) (2) which forbids entertainment of the motions made after the limitation has run."

In the lower court decision in *Price* v. *United Mine Workers of America* (1963), 35 F. R. D. 27, Chief Judge Swinford of the U. S. District Court for the Eastern District of Kentucky very ably discussed the scope of Rule 60(b)(6) of the Federal Rules of Civil Procedure as follows:

"Defendant cites Rule 60(b) (6), F. R. Civ. P. as the basis for its motion. Rule 60(b) provides that a court may relieve a party from the operation of a final judgment in five enumerated situations, one of which entails newly discovered evidence, and under a sixth subdivision which is a broadly worded catchall to cover situations not embraced in the preceding five subdivisions. The present question stems from the fact that the rule prescribes a one-year time limit for opening a judgment for newly discovered evidence, while there is no definite time limit on the sixth subdivision, the one on which defendant relies.

"The court has examined the authorities submitted by both sides and is convinced that the defendant's motion comes too late to claim relief under Rule 60(b). Under the most liberal view, it can be characterized as no more than a motion for relief on the ground of newly discovered evidence. That the evidence is highly pertinent and that it

would have a decisive effect on the final judgment are matters that must be taken for granted as to all such motions. The sixth subdivision of Rule 60(b) is by its very language limited to apply only to situations not covered by any of the other subdivisions and has been so construed by numerous court opinions. * * *''

In *Federal Deposit Insurance Corporation* v. *Alker* (1962), 30 F. R. D. 527, the United States District Court for the Eastern District of Pennsylvania stated as follows:

''In the case at bar, the court may not consider a motion for new trial under clauses (1), (2) and (3) of the Rule (*i. e.*, because of mistake, newly discovered evidence, or fraud) because the express terms of Rule 60(b) provide that a motion for new trial under these clauses may not be made more than one year after the judgment was entered. And the court is powerless to extend the one year time limits imposed. Federal Civil Rule 6(b) provides: 'When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * order the period enlarged * * * *but it may not extend the time for taking action under rules* * * * 60(b) * * * except to the extent and under the conditions stated (therein).' (Emphasis supplied.)

''The present motion for new trial was made on June 16, 1955, more than 10 years after the trial court's judgment, which was entered on November 8, 1944. It follows, then, that the only grounds for new trial available to the defendants are clauses (4), (5), and (6) of Rule 60(b).

''Defendants have offered no evidence to prove that the judgment is void (clause 4), or that the judgment has been discharged, or satisfied (clause 5). The inquiry is thus greatly narrowed. Power to consider defendants' motion for new trial must be found, if at all, under clause (6) of Rule 60(b)—'any other reason justifying relief.' And in deciding whether defendants have satisfied the standards of Rule 60(b) (6), the Circuit Court has made it clear that this court 'may not consider as reasons justifying relief under clause (6) mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud,

the reasons justifying relief under clauses (1), (2) and (3) of Rule 60(b).' 234 F. 2d at 116 n. 5.''

In conclusion, even if this court were to assume, ''arguendo,'' that Item (5) of Rule 60(B) was applicable to the instant factual situation, the evidence presented at the oral hearing (and in defendant's affidavit) were not sufficiently substantial to justify granting relief from a judgment granted more than two years ago. Over two and a half years elapsed between the time defendant was served with process and the time he made his first appearance in the South Euclid court. During this period, defendant was served with process, received notice of the judgment from the court, was contacted by plaintiff's attorney on several occasions in an effort to collect the damages, and an unsuccessful attempt was made to garnishee defendant's wages.

Defendant does state that he communicated with his alleged insurance agent and attorney during this period; however, there is a reasonable limit to the period of time that a defendant can procrastinate in reliance on the expectation that someone else will protect his interests. The defendant in this case exceeded this limit by waiting until June 29, 1971 when the plaintiff levied on his motor vehicle before making his first appearance in the South Euclid Municipal Court.

For the foregoing reasons, defendant's ''complaint to vacate judgment'' and ''motion to stay proceedings'' must be denied.

### Supplemental Opinion

(No. 4540—Decided January 3, 1972.)

Klein, J. On December 22, 1971, this court denied a motion to vacate judgment and to stay proceedings filed by the defendant. In substance, the instant motion is a request that the court reconsider this prior ruling because the judgment rendered on April 9, 1969, was allegedly obtained irregularily. When the court rendered its decision on December 22, it prepared a written opinion. This opinion did not discuss the question of whether or not the judgment was obtained irregularily because there was *absolutely* no evidence introduced at the oral hearing (or otherwise) to

support such a claim. But, be that as it may, the judgment was not taken irregularily. The defendant was properly served with process. He failed to file an answer or other pleading. The case was set for evidence on April 9, 1971. Evidence was submitted and testimony was taken under oath on that date and a judgment was rendered against the defendant for $305.93, this being $50.00 less than the amount prayed for in the petition. The defendant's brief claims that the evidence was insufficient to sustain a judgment, this argument being predicated solely and entirely on a yellow sheet of paper that is in the court folder. This yellow sheet has handwriting thereon which indicates that plaintiff's attorney was sworn and the amount of the judgment rendered for each of the plaintiffs— nothing more. This sheet is not a part of the court records as the defendant claims, but rather, it is merely a paper on which the court made some notes for its own use. It is obviously not a record of the testimony taken and evidence introduced on April 9, 1969, because it is completely silent as to what the evidence was on that date which caused the court to render judgment for $50.00 less than the amount prayed for in the petition.

This court hears evidence in hundreds of accident cases each year (civil and criminal); therefore, a motion to vacate judgment rendered in a default hearing on the ground that the evidence introduced was insufficient to sustain a judgment must be filed promptly after the judgment is rendered while the court's recollection of the testimony and other evidence is still fresh. In this court's considered opinion, it is too much to expect any municipal judge to remember the testimony in a default hearing which took place over two years ago. Rule 60 of the Ohio Rules of Civil Procedure provides that a motion to vacate judgment must be made "within a reasonable time." Two years and four months is not "a reasonable time" under the facts and circumstances of the instant case.

For the reasons set forth above, defendant's "motion to suspend operation of a final judgment and to stay proceedings" is denied.

*Motion denied.*