ADOMEIT, APPELLEE, *v.* BALTIMORE ET AL., APPELLANTS.

98

(No. 32625—Decided April 11, 1974.)

Mr. *Lawrence E. Stewart,* for appellee.
Messrs. *Schulman & Schulman,* for appellant.

KRENZLER, J. On June 29, 1971 plaintiff filed a complaint against defendants, Oscar Baltimore, Circle Parking, Inc., John Doe Construction Company, and the City of Cleveland, alleging that she was a pedestrian on the public sidewalk in front of a business known as Circle Parking, 2035 E. 102 Street, Cleveland, Ohio, which was owned and managed and operated by defendant, Oscar Baltimore, and that she was injured because of a defect in the sidewalk which was negligently and carelessly caused and allowed to exist by the defendants. She further alleges that as a direct and proximate result of the negligence, she was injured and damaged and is seeking $30,000.

The City of Cleveland filed an answer denying liability and filed a cross complaint alleging that if plaintiff sustained any damages, they were as a direct result of the negligence of Oscar Baltimore, Circle Parking, Inc., and John Doe Construction Company. The City of Cleveland also filed a third-party complaint against DeeKay Realty Company alleging that it is the adjoining property owner in the area where the plaintiff was injured and it had knowledge of the existence of the defective sidewalk and driveway and failed to correct the defect, and if the City of Cleveland is held liable, it has a right to indemnity from the third-party defendant whose negligence was the proximate cause of plaintiff's injury.

The plaintiff filed an amended complaint against Dellarisco Baltimore[1], Circle Parking, John Doe Construction Co., the City of Cleveland and DeeKay Realty Co. The City of Cleveland filed an answer to the amended complaint.

The DeeKay Realty Company, defendant, filed an answer denying liability and alleged assumption of risk and contributory negligence as affirmative defenses.

All of the defendants were served with the complaint and the amended complaint.

On May 17, 1972 plaintiff moved for default judgment under Civil Rule 55 against Dellarisco Baltimore, Circle Parking, Inc., and DeeKay Realty in the sum of $30,000.

The trial court after hearing entered a default judgment on July 20, 1972 in the amount of $1,500 for the plaintiff against Dellarisco Baltimore and Circle Parking, Inc. only for failure to plead or appear in the instant action.

Defendants Dellarisco Baltimore and Circle Parking, Inc. moved to vacate the default judgment on December 5, 1972. Attached to the motion was an affidavit of Dellarisco Baltimore alleging that she and Circle Parking, Inc. did not enter an appearance or defend because she was under the impression that the insurance company which represents the owner of the subject property was defending not only

[1]The amended complaint lists Dellarisco Baltimore as a defendant in lieu of Oscar Baltimore.

the owner but also their interests. The affiant states that she was so advised by one of the owners of the property. She also alleged a defense to the action. She further contends that it will not prejudice the plaintiff if the judgment is vacated.

Plaintiff filed a brief in opposition to the motion to vacate, alleging that the motion for default judgment was filed on May 17, 1972, and a hearing was held on the motion on June 27, 1972, at which time evidence was introduced as to the facts of the occurrence and the amount of the damage plaintiff incurred, and that default judgment was entered on July 20, 1972 in the amount of $1,500. Plaintiff alleges that over one year elapsed between the time plaintiff's original complaint was filed and the default judgment was journalized, and that the motion for relief from judgment was filed five months after the judgment was entered. Plaintiff alleges that the defendants deliberately, willfully and wantonly disregarded the judicial process and the judgment should not be vacated, and that the affidavit submitted by the defendant is not an affidavit of fact, but rather conclusions of law and is of no merit.

The trial court did not have a hearing and denied the defendants' motion to vacate the judgment. A motion for reconsideration was also filed and it was denied.

Defendants appellants have two assignments of error:

1. The trial court erred and abused its discretion in refusing to grant the defendants' motion to vacate.

2. The trial court erred in refusing to hold a hearing upon the defendants' motion to vacate.

Throughout the history of litigation various rules were developed by court decisions, court rules and legislation dealing with cognovit judgments, default judgments, summary judgments and judgments after trial.

One of the principal rules is that there should be finality in every case, and that once a judgment is entered it should not be disturbed. Application of this rule resulted in a certain amount of unfairness and injustice. This necessitated adoption of other rules which are exceptions to the "finality of judgment rule." One of these exceptions is

that in the interest of fairness and justice, given the proper circumstances, judgments can be vacated and set aside so that a person may have his day in court.

In Ohio prior to the adoption of the Civil Rules on July 1, 1970, rules regarding vacation of judgment were incorporated into various statutes, Chap. 2325 R. C. On July 1, 1970, Ohio adopted the Rules of Civil Procedure which superseded the foregoing statutes. The Ohio Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, which were adopted in 1938 and amended several times.

The Ohio Rule dealing with relief from judgment is Civil Rule 60(B), which is as follows:

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons; (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.

It is noted that Civil Rule 60(B) applies to the vacation of all judgments, and therefore includes cognovit judgments (R. C. 2323.12 and 2323.13); default judgments, (Civil Rule 55); summary judgments, (Civil Rule 56);

and judgments after trial, (Civil Rule 58). But in this case we are only concerned with a motion for vacation of a default judgment.

Ohio has few reported cases dealing with Civil Rule 60(B) and most of them deal more with its substantive aspects such as what facts constitute grounds for relief under Civil Rule 60(B) (1) through (5). *Brenner* v. *Shore* (1973), 34 Ohio App. 2d 209; *Cautela* v. *McFadden* (1972), 32 Ohio App. 2d 329; *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319; *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187; *Celina Mutual Ins. Co.* v. *D'Agostino* (1971), 31 Ohio Misc. 21.

The instant case is concerned more with the procedural aspects of the application of Civil Rule 60(B) and what the parties should do and what they should submit to the court in support of and in opposition to the motion for relief from judgment.

Generally there are two parties involved in the application of Civil Rule 60(B). One has obtained a judgment and does not want it vacated or disturbed; the other had a judgment taken against it and is seeking relief and wants the judgment vacated. The trial court must decide if it will grant the motion or at least a hearing prior to ruling on the motion.

In order to obtain relief under Civil Rule 60(B), the movant must file a motion as provided for in Civil Rule 7 (B). He may also file a brief or memorandum of fact and law, and affidavits, depositions, answers to interrogatories, exhibits and any other relevant material, but the material submitted must contain operative facts which demonstrate three things:

1. *Timeliness of the motion.*

The motion must be filed within a reasonable time and for reasons stated in Civil Rule 60(B) (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken.

2. *Reasons for seeking relief.*

Operative facts which will demonstrate that the party is entitled to relief under one of the grounds stated in Civil Rule 60(B) (1) through (5).

### 3. Defense.

While Civil Rule 60(B) does not specifically require a defense, court decisions interpreting statutes in effect before adoption of Civil Rule 60(B) required that a defense be alleged and this procedure has been followed in applying Civil Rule 60(B). *Brenner* v. *Shore, supra; Berea Bus Lines Co.* v. *Seminatore* (1969), 17 Ohio App. 2d 31.

A person filing a motion for relief from judgment under Civil Rule 60(B) is not automatically entitled to such relief nor to a hearing on the motion. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Therefore, he must submit factual material which on its face demonstrates the timeliness of the motion, reasons why the motion should be granted and that he has a defense.

It is discretionary with the trial court whether the motion will be granted and in the absence of a clear showing of abuse of discretion the decision of the trial court will not be disturbed on appeal.

Since the Civil Rules are silent as to the exact procedure to be followed some movants do not understand what they should file with the court. Specifically, the Civil Rules only require the filing of a motion under Civil Rule 7(B), and do not require that movants file an affidavit or other evidence with the motion. See *Matson* v. *Marks, supra.* However, the rules do not require that the trial court grant a hearing on every motion for relief from judgment under Civil Rule 60(B).

Even though there is no requirement that the movant submit an affidavit or other material with his motion, because he has the burden of proof and is not automatically entitled to a hearing, good legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time; that he is entitled to relief for one of the grounds specified in Civil Rule 60(B) (1) through (5); and that he has a valid defense.

Since the movant has the burden of proof, he must present sufficient factual information to warrant a hearing on the motion. He should not take the risk of relying

on filing a motion for relief from judgment with little or no facts and conclusions of law.

The rigid procedural requirements of Civil Rule 56 regarding the documents and other material the parties should submit in support of and in opposition to a motion for summary judgment are excellent guides and a commendable procedure to be followed in seeking relief or in opposing relief under Civil Rule 60(B).

As to the person opposing the motion for relief from judgment, he should at least file a brief in opposition and some factual material in testimonial form, such as affidavits, depositions, interrogatories, exhibits, and any other material which will support him.

If both parties submit sufficient factual information as outlined above, the trial court will have before it allegations of fact in support of and in opposition to the motion for relief from judgment and will be in a position to decide whether the motion should be granted or denied, or if a hearing should be held.

The Rules of Civil Procedure do not require the trial court to set forth its reasons for either granting or denying the motion, but it is good practice if a trial court would make findings of fact and conclusions of law and set forth its reasons for either granting or denying motions for relief from judgment. In this manner, if an appeal is taken from the trial court's ruling on the motion, a reviewing court will have before it all the factual material submitted by the parties and the trial court's decision and its reasons. A reviewing court will then be able to objectively determine if a trial court abused its discretion in either granting or denying the motion for relief from judgment.

If the material submitted by the parties *in support of and in opposition to the motion clearly establishes* that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of Civil Rule 60(B) (1) through (5), and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion.

A question arises as to when the trial court should grant a hearing before ruling on the motion for relief from judgment.

If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion.

If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion. This is proper and is not an abuse of discretion. If under the foregoing circumstances, the trial court does not grant a hearing and overrules the motion without first affording an opportunity to the movant to present evidence in support of the motion its failure to grant a hearing is an abuse of discretion. *Matson* v. *Marks, supra* at 327.

In the instant case a review of the appellant's motion and affidavit indicates that only Civil Rule 60(B) (1) or Civil Rule 60(B) (5) could apply. Civil Rule 60(B) (5) which allows relief for ''any other reason justifying relief from the judgment'' is a catch-all provision, but it is not to be used as a substitute for Civil Rule 60(B) (1), (2) or (3), when it is too late to seek relief under these provisions. Civil Rule 60(B) (5) is only to be used in an extraordinary and unusual case when the interests of justice warrants it. Appellants' motion for relief from judgment does not contain such unusual or extraordinary operative facts to warrant the application of Civil Rule 60(B) (5). The motion and affidavit were an attempt to obtain relief under Civil Rule 60(B) (1) and will be discussed below.

The questions at issue are whether there were operative facts which demonstrated that: (1) the motion was timely filed; (2) grounds for relief under Civil Rule 60 (B); and (3) a defense.

1. Defendants were served with the complaint and the amended complaint on June 29, 1971 and October 1, 1971

respectively, but entered no appearance nor filed any pleadings. Defendants did not receive notice of the hearing on the motion for default judgment because such notice is not required. (Civil Rules 5(A) and 55(A)). Defendants filed a motion for relief from judgment 5 months after the default judgment was taken. A motion for relief from judgment under Civil Rule 60(B) (1) must be filed within a reasonable time and not more than 1 year after the judgment order or proceeding was entered or taken. While a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the "reasonable time" provision. See Staff Notes, Civil Rule 60(B). In other words, a motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a "reasonable time."

Defendants had an affirmative duty to take some action after being served with the complaint and the amended complaint or risk having a judgment taken against them. The appellants made no attempt whatsoever in this case to protect their rights for 11 months after receiving notice of the complaint. They similarly took no action for 5 months after the default judgment was entered. Due diligence would have made them aware of these facts. Under all of the facts and circumstances enumerated above, although the defendants filed their motion for relief from judgment within one year it was not filed within a "reasonable time."

2. The affidavit of Dellarisco Baltimore submitted with the motion to vacate the default judgment alleges that she was under the impression that the insurance company which represents the owner of the property was defending not only the owner but also their interests, and that she was so advised by one of the owners of the property. This is not a sufficient factual basis to demonstrate the movant is entitled to relief under Civil Rule 60(B)(1).

3. The affidavit further states that she has a complete defense to the action in that the sidewalk was only 1 5/8 inches in height, and under the law in Ohio a defect less than two inches is a minor imperfection as a matter of law

and cannot be the basis for liability. This is sufficient to demonstrate a defense.

Since all three requirements were not satisfied, neither of the defendants appellants' assignments of error are well taken and the trial court did not commit prejudicial error in refusing to grant a hearing to the defendants appellants and in overruling their motion for relief from judgment under Civil Rule 60(B).

*Judgment affirmed.*

JACKSON and DAY, JJ., concur.