Walter Starr appeals from an order vacating, in part, a prior final judgment and decree of divorce terminating his marriage to Eunice M. Starr.
The judgment and decree of divorce was entered on March 3, 1998. Eunice* filed a timely notice of appeal to this court. That same date, she filed a Motion To Set Aside Judgment in the trial court. Upon her motion in this court, we remanded the case to the trial court to determine the Motion To Set Aside Judgment.
The bone of contention in both courts was a provision in the judgment and decree of divorce that required Eunice to pay Walter interest on the value of his one-half share of an undivided pension that Eunice owns, for the period from the decree of divorce until the pension is paid at Eunice's retirement. Eunice complained that the value of Walter's share includes interest, so that the court's award of additional interest on the same amount unfairly benefits Walter at her expense.
On remand, the trial court agreed with Eunice and vacated its prior judgment and decree "to the extent that it requires (Eunice) to pay interest at the legal rate on the pension division until she retires." The court entered its order without a hearing, construing the written report of a pension evaluator to which the parties had jointly stipulated at trial. Walter filed a timely notice of appeal from the trial court's order.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN SUSTAINING THE APPELLEE'S MOTION TO SET ASIDE JUDGMENT.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO HOLD A HEARING ON THE APPELLEE'S MOTION TO SET ASIDE JUDGMENT.
Pursuant to Article IV, Section 4(B) of the Ohio Constitution, the jurisdiction of the courts of common pleas and its divisions is determined by statute. Mattone v.Argentina (1931), 123 Ohio St. 393. R.C. 3105.171 governs the jurisdiction of the domestic relations divisions of the courts of common pleas with respect to divisions of property in actions for divorce. Division (I) of that section states: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." That section is jurisdictional, and prevents the court from modifying its own property division orders after they are final.
Civ.R. 60(B) permits a court to vacate a prior final order upon grounds that are equitable in nature. It applies in domestic relations actions, and permits the court to vacate a part of a prior decree terminating a marriage without vacating the entire decree. In re Whitman (1998), 81 Ohio St.3d 239. Nevertheless, to do so the court must find that one or more of the grounds for relief in Civ.R. 60 (B) (1)--(5) applies and that the movant has a meritorious claim or defense to present with respect to the issue concerned. GTE Automatic Electric v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Because the existence of those matters require findings of fact, the court ordinarily must conduct a hearing to determine them before it vacates its prior decree or a part thereof pursuant to Civ. R. 60(B). Coulson v. Coulson (1983), 5 Ohio St.3d 12 (adopting the rule of Adomeit v. Baltimore (1974), 39 Ohio App.2d 97.)
The trial court found that its prior order was defective on account of a mistake in the court's understanding of the report of the pension evaluator. "Mistake" is a ground for relief pursuant to division (1) of Civ. R. 60 (B). The trial court was authorized to vacate the portion of its prior, final decree affected by that mistake if, in addition, the court found that Eunice had a meritorious claim or defense to present concerning the issue affected by the mistake. Id.
It appears that the trial court did not conduct a hearing on Eunice's motion because the parties had jointly stipulated at trial to the pension evaluator's report, permitting the court to construe the report in a like manner for purposes of deciding the motion. The court might do that to vacate its decree with respect to the interest requirement it imposed. However, the court could not then issue a new decree, even though the new decree merely omitted the interest requirement, absent a hearing to determine the merits of any claim or defense that either party might have with respect to the issue of interest. Id.
It is apparent from the briefs that the parties are in disagreement concerning the effect of interest on the pension evaluator's conclusion in regard to the value of the divided pension. The merits of those contentions, vis-a-vis the underlying property division claims, must be resolved on the basis of arguments and evidence produced in a hearing.
The trial court, not this appellate court, is the appropriate venue for that determination.
The trial court erred when it granted the Motion To Set Aside Judgment without first holding a hearing. Therefore, the second assignment of error is sustained. Pursuant to App. R. 12(A)(1)(c), we decline to rule on the first assignment.
The judgment from which the appeal was taken is Reversed, and the matter is again remanded to the trial court for further proceedings on the Motion To Vacate Judgment.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Mary Beth Caudill, Esq. Cheryl R. Washington, Esq. Hon. V. Michael Brigner
* For purposes of clarity and economy, the parties will be identified by their first names.