DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Domestic Relations Division. It involves the trial court's denial of a 60(B) motion which sought to set aside an award of spousal support. Because we conclude that the trial court did not abuse its discretion when it determined that appellant had no right to relief from judgment, we affirm.
Appellant, Gerald Holman, and appellee, Diane Holman, were married on September 15, 1990. The parties had two children. On December 16, 1997, appellant filed for divorce.
Prior to their marriage, the parties executed an antenuptial agreement. That agreement stated that neither party would receive alimony upon divorce. However, due to a 1996 auto accident which left appellee with serious injuries and unable to work in her trained profession, the trial court found the antenuptial provision to be unconscionable. As a result of that finding, appellant, on December 8, 1998, consented to a decree of divorce and agreed to pay appellee alimony in the sum of $255 per month for a period of no longer than sixty months, or until appellee's death, remarriage, or cohabitation, whichever would occur first.
On December 7, 1999, appellant filed a motion to set aside the divorce decree pursuant to Civ.R. 60(B).[1]
Appellant alleged that after the final consent judgment was entered, appellee acquired a job in her field of training, which was nursing. He further claimed that he only agreed to pay appellee alimony because she claimed that she was no longer able to work as a nurse. Appellant alleged that the agreement to pay appellee alimony was procured by fraud and should, therefore, be set aside.
Upon considering appellant's motion, the trial court determined that appellant had provided insufficient evidence to support appellant's allegations of fraud or that he was entitled to relief under Civ.R. 60(B). The trial court then dismissed appellant's Civ.R. 60(B) motion. It is from this judgment that appellant seeks appeal, setting forth this sole assignment of error:
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MOVANT'S REQUEST FOR AN EVIDENTIARY HEARING WHEN APPELLANT'S MOTION FOR RELIEF UNDER CIVIL RULE 60(B) SETS FORTH OPERATIONAL FACTS WHICH ARGUABLY WARRANT RELIEF UNDER CIVIL RULE 60(B)(1), (3) AND (5)."
On appeal, a trial court's denial or grant of a Civ.R. 60(B) motion for relief from judgment will not be reversed absent an abuse of discretion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103. The term "abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In the present case, appellant merely alleged in his Civ.R. 60(B) motion that appellee had procured the alimony agreement by fraud. However, aside from these self-serving allegations, appellant failed to submit any affidavits or other evidence to the trial court in support of his contentions. In a thirteen page judgment entry, the trial court carefully reviewed appellant's arguments, juxtaposing them against the record, but failed to find any evidence that appellee had committed fraud in acquiring the alimony agreement.
Therefore, since the record supports the trial court's decision, we cannot say that the court abused its discretion in dismissing appellant's Civ.R. 60(B) motion for relief from judgment.[2]
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is affirmed. Court costs of this appeal are assessed to appellant.
 ____________________ James R. Sherck, J.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., Concur.
[1] On March 24 and May 12, 1999, final consent judgment entries of divorce nunc pro tunc were filed to correct minor errors that were found in the final consent judgment entry. Neither added any substantive information.
[2] We note that the final consent judgment entry failed to include an express reservation of continuing jurisdiction of the court to modify spousal support as required by R.C. 3105.18(E)(1). Thus, appellant's only remedy was to seek Civ.R. 60(B) relief from judgment, since he was foreclosed from filing the customary motion to modify due to changed circumstances.