JOURNAL ENTRY and OPINION
Appellant-father and former husband appeals from the trial court's denial of his motion to vacate an agreed judgment entry. Appellant raises one narrow issue for this court's review:
 THE TRIAL COURT ERRED BY NOT PERMITTING A HEARING ON PLAINTIFF-APPELLANT'S MOTION TO VACATE.
The court finds no error in the trial court's action and affirms its decision.
 PROCEDURAL HISTORY
Appellant and appellee were divorced pursuant to a judgment entered November 22, 1994. Among other things, the divorce decree required appellant to pay child support in the amount of $1,987.94 and spousal support in the amount of $1020.00 per month.
On January 15, 1997, appellant moved the court to modify both his child support and spousal support obligations. Both motions were based on appellant's averment that he had lost his employment; the motion to modify spousal support was additionally based on appellant's claim that appellee had not enrolled in college, though she had claimed she needed support for that purpose. The parties eventually reached an agreement to resolve these motions, which the court adopted in an agreed judgment entry. Under the agreement, appellant was required to pay $200 per month in child support, and his spousal support obligations were suspended until he obtained full-time employment.
According to the court docket, appellant filed a motion to determine arrears on June 10, 1998, although that document does not appear in the record. Appellant subsequently dismissed the motion to determine arrears, without prejudice, and filed a motion to vacate the agreed judgment entry. The motion to vacate asserted that the use of the term suspended in the agreed judgment entry did not clearly express the parties' intent to terminate spousal support. On November 22, 1999, the trial court denied the motion to vacate in the following judgment entry:
 This matter was scheduled for hearing before Magistrate Barbara S. Hall on November 16, 1999, on Plaintiff's motion to show cause (42893) and his motion to vacate a prior agreed judgment entry (42894). The hearing was continued as a result of counsel being occupied in a criminal proceeding. However, after reviewing the file, Magistrate Hall inquired of the undersigned whether it was meant that the motion to vacate filed under Civil Rule 60(B) be set for an evidentiary hearing.
 Upon review of the motion and record, the Court realizes that it was not intended to provide an evidentiary hearing for a motion which failed to establish either a basis for relief or that the motion was filed within the time limits imposed by that Civil Rule.
 Whether an entry is unclear is a question of construction which will arise when enforcement or modification is sought. It is not a basis for vacating an order signed by parties who were both represented by counsel. The record reflects that the construction question might have been dealt with in connection with Plaintiff's motion filed June 10, 1998 to determine arrears; but Plaintiff dismissed that motion without prejudice (9/28/99, Vol. 3460, pg. 65). Moreover, Plaintiff's present motion offers no explanation why it was not filed sooner, particularly where his June 1998 filing shows he was aware at the time why it was not filed sooner, particularly where his June 1998 filing shows he was aware at the time of the disagreement in language construction regarding the parties' then ten-month-old agreed order.
 IT IS THEREFORE ORDERED that Plaintiff's motion #42894 (to vacate an agreed judgment entry now more than two years old) be and it is hereby denied.
Appellant has timely appealed this ruling.
 LAW AND ANALYSIS
Appellant's sole claim in this appeal is that the trial court should have held a hearing on his motion to vacate. [A] trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19 (citing Adomeit v. Baltimore [1974], 39 Ohio App.2d 103, 105).
To prevail on a motion to vacate under Civ.R. 60(B), the movant must demonstrate that (a) he or she has a meritorious defense or claim to present if relief is granted; (b) he or she is entitled to relief on one of the grounds stated in Civ.R. 60(B)(1) to (5); and (c) the motion is made within a reasonable time. GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The trial court here correctly held that appellant did not meet these requirements.
Appellant's argument that the agreed entry was unclear did not demonstrate that appellant was entitled to relief from judgment for one of the following reasons:
 * * * (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud[1] * * * or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
Civ.R. 60(B). Furthermore, appellant did not explain why his motion to vacate was filed so long after the agreed judgment was entered, even though appellant knew of the dispute about the meaning of the judgment entry.[2]
Appellant's motion clearly did not demonstrate grounds to, vacate the agreed judgment entry. Therefore, the trial court did not abuse its discretion by denying the motion without hearing.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
 ________________________ KENNETH A. ROCCO, J.
TERRENCE O'DONNELL, P.J. and PATRICIA A. BLACKMON, J. CONCUR
[1] Appellant claims appellee defrauded the court by stating that she needed spousal support to attend college. However, any such fraud related to the original support order, not to the agreed entry that appellant sought to vacate. At best, this alleged fraud might have shown that appellant had a meritorious claim to present if the agreed judgment entry was reopened; it would not support the motion to vacate, itself.
[2] In finding that appellant did not file his motion within a reasonable time, the trial court pointed to appellant's motion to determine arrears to show that appellant knew the meaning of the agreed judgment entry was in dispute much earlier in the litigation. This motion is not in the record on appeal, so we have no alternative but to presume the validity of the trial court's judgment on this point.