**MARTI**

v.

**PREDMETSKY.** ▮

▮ 2002-Ohio-7464.]

Court of Common Pleas of Ohio,
Medina County.

No. 00–CIV–0528.

Decided March 7, 2002.

David P. Bertsch, for plaintiff.

Randall J. Moore, for defendant.

JAMES L. KIMBLER, Judge.

### STATEMENT OF THE CASE

{¶ 1} Plaintiff Danny J. Marti II was allegedly injured in an auto accident that took place in Cleveland on September 18, 1998. The plaintiff originally filed the action in Cuyahoga County Common Pleas Court. Although the insurance company that provided coverage for defendant Tammy B. Predmetsky knew of the action, it did not have an attorney enter an appearance for the defendant because the plaintiff had not obtained service. Eventually the plaintiff dismissed the action in Cuyahoga County.

{¶ 2} The plaintiff refiled the action in Medina County. The complaint was filed on June 20, 2000, and service was obtained on July 5, 2000. No answer or other responsive pleading was filed, and a motion for a default judgment was filed on August 22, 2000.

{¶ 3} On August 25, 2000, this court granted a default judgment on the issue of liability and set down a hearing on the issue of damages. That hearing was set for November 8, 2000, but was continued to December 13, 2000. A judgment entry granting a default judgment to the plaintiff for $150,000 was filed by the clerk and journalized on January 4, 2001.

{¶ 4} A motion to vacate that judgment was then filed by the defendant on October 30, 2001, alleging excusable neglect and asking that the judgment be set aside pursuant to Civ.R. 60(B)(1).

### FINDINGS OF FACT

{¶ 5} Based on the evidence offered and the court's assessment of the credibility of the witnesses, the court makes the following findings of fact:

{¶ 6} In September 1998, the defendant was operating her father's van in Cleveland when she allegedly collided with the plaintiff, who was a pedestrian. She was not cited and she did not talk with the plaintiff. She did report the matter to her father, who notified his insurance company by notifying his insurance agent.

{¶ 7} When the lawsuit was filed in Cleveland, she did not receive any process from the Cuyahoga County Court of Common Pleas, but she did in July 2000 when the plaintiff filed the Medina County action. She gave the complaint to her father, who told her he would take care of it.

{¶ 8} Nothing happened until she received notice of the default judgment being granted. Although she was upset about receiving a notice of default judgment, she again notified her father and relied on him to contact his insurance carrier.

{¶ 9} The defendant's father never notified his carrier about the default judgment until August 2001, which led to the motion to set aside the judgment filed in October 2001.

{¶ 10} When the accident took place, the defendant was 26 years of age and worked for a car dealership. When the hearing took place on her motion to vacate she testified that she was 29. She is a high school graduate and a mother of two small children, and she does not presently work outside the home. She has never been a defendant in a civil case prior to this case.

{¶ 11} The defendant never contacted an attorney to represent her in this matter, never tried to directly contact her father's insurance company or agency, although she was aware of the name of her father's insurance agency, and, apparently, never made any attempt to contact the clerk of courts to inquire about the status of her case.

## CONCLUSIONS OF LAW

{¶ 12} A court may vacate a final judgment under Civ.R. 60(B)(1) on the grounds of mistake, inadvertence, surprise, or excusable neglect. Civ.R. 60(B)(1).

{¶ 13} A motion to set aside must be filed within a reasonable time after the granting of the judgment and, in cases of motions brought under Civ.R. 60(B)(1), not later than a year after the motion. Civ.R. 60(B).

{¶ 14} While such a motion must be filed no later than a year after the judgment is granted, it does not follow that any motion filed within a year is filed within a "reasonable time"; that is, a motion may be filed within a year after the judgment is granted, but such a filing may not be within a "reasonable time." Staff Notes, Civ.R. 60(B); *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 106, 68 O.O.2d 251, 316 N.E.2d 469.

{¶ 15} A party filing a motion under Civ.R. 60(B)(1) must show (1) a meritorious defense, (2) grounds for filing the motion under Civ.R. 60(B), and (3) that the motion was filed within a "reasonable time." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

## HOLDING

{¶ 16} This court holds that a defendant who files a motion to set aside a default judgment over a year after she learns that a judgment has been granted on liability, and over nine months after learning of a default judgment being

awarded against her of $150,000, has not filed her motion within a "reasonable time" and therefore the motion to set aside the default shall be overruled.

## DISCUSSION

{¶ 17} The defendant is an adult who has worked and who raises her children. She knew that a lawsuit was pending against her, knew the name of her own insurance carrier, knew the name of her father's carrier, and knew that her father was not very attendant to her problem. In spite of all this knowledge, she continued to rely on her father's representations that he was taking care of her lawsuit and notifying his insurance company. Frankly, this reliance was not reasonable.

{¶ 18} It was especially not reasonable after she learned that a default judgment on the issue of liability had been taken against her. She should have notified her own carrier, obtained legal counsel, and filed her motion much earlier than October 2001. She did not do so, and while this court has sympathy for her situation, it cannot find that she filed her motion to set aside the default judgment within a reasonable time.

{¶ 19} Since it cannot find that she filed the motion within a reasonable time, the court finds that the defendant did not satisfy one of the three prongs in *GTE Automatic Elec. Inc.*, supra.

{¶ 20} Both parties in their pleadings discussed the issue of whether the defendant's motion was filed within one year of the date of the default judgment. The plaintiff argued that it was not, since it was filed more than a year after the granting of the default judgment on the issue of liability. The defendant argued that it was, since it was filed over nine months after the judgment entry awarding the monetary judgment. The court is not ruling on this issue because it finds that even if the motion was filed within one year of the default judgment, it was not filed within a "reasonable time."

## ORDER

{¶ 21} The motion to set aside the default judgment granted to the plaintiff is overruled.

{¶ 22} SO ORDERED.

Motion overruled.