OPINION
{¶ 1} Appellant Bankers Trust Company of California, N.A., filed the instant foreclosure action on February 14, 2000, against property owned by William and Marta Long in Alliance, Ohio. On August 7, 2000, appellant filed a motion for default judgment, and a decree of foreclosure of sale was ordered the next day.
 {¶ 2} On October 27, 2000, the Sheriff's Return of Order of Sale noted that the property was sold to appellees G.Milan and Donna Marich for $60,000. The day after appellees purchased the property, it was destroyed by fire. The insurance proceeds were paid to appellant.
 {¶ 3} On March 29, 2001, appellant filed a motion to vacate the sale, requesting that if the Marichs did not desire to purchase the now-damaged property, they should be allowed to withdraw, and a new sale ordered. Appellees filed a motion contra, arguing that the insurance proceeds should be applied to offset the damage to the house.
 {¶ 4} On May 30, 2001, the court issued a judgment stating that the motion to vacate the sale was overruled, and further ordered that the sale would be confirmed pursuant to the motion of appellees, with an appropriate entry to follow. On June 29, 2001, a proposed confirmation of the sale was filed with the court to obtain information held by the court regarding taxes and court costs, so that an appropriate entry could be prepared. On July 29, 2001, appellant filed a response to appellees' memorandum contra to appellant's original motion to vacate the sale. In response, on July 12, 2001, the court entered a judgment affirming its previous entry of May 30, overruling the motion to vacate the sale.
 {¶ 5} On September 7, 2001, appellees submitted a motion for an order confirming the sale, which was granted on September 10, 2001. Subsequently, a motion to amend the order confirming the sale was filed on September 25, 2001, addressing issues of appellees' deposit, as well as the requirement that appellant deposit the insurance proceeds with the sheriff, rather than with the court. The court entered an amended order confirming the sale, and ordering execution of the deed and distribution of the proceeds, on September 27, 2001. The court ordered that $93,000, received by appellant as payment for damage to the property from the insurance carrier, be paid to the sheriff, as such proceeds were held in trust for the purchasers of the property. No appeal was filed from this entry.
 {¶ 6} When appellant failed to comply with the order of confirmation of the sale, appellees filed a motion to show cause for appellant's failure to pay the insurance proceeds. On November 7, 2001, the court ordered appellant to pay $93,000 to the court within five days. On November 9, 2001, the court entered a nunc pro tunc order, ordering that such funds be paid to the sheriff, rather than to the clerk of courts.
 {¶ 7} When appellant did not pay in accordance with the order, appellee filed a motion for contempt on November 20, 2001. On November 21, appellant filed a "motion to vacate sale, motion for sanctions, and action for fraudulent suit." Although not characterized as a Civ.R. 60 (B) motion, the court treated the motion as such. The court held a hearing on the motion, at which no evidence was presented. Appellant argued that there is no authority in Ohio law for the insurance proceeds to be paid to the purchaser, rather than to be applied to the mortgage. Appellant alleged that appellee "snuck" the entry by the court, including the requirement of the insurance proceeds being held in trust for the purchaser, contrary to Ohio law. The court issued a judgment entry on December 26, 2001, denying the motion to vacate. Appellant appeals the judgment denying the motion to vacate:
 {¶ 8} "THE COURT ERRED IN FAILING TO GRANT THE MOTION TO VACATE FILED ON NOVEMBER 21, 2001."
 {¶ 9} Appellant's motion to vacate the sale, and subsequent appeal from denial of this motion, both attack the propriety of the underlying amended order of confirmation of sale, which was not timely appealed pursuant to App.R. 4 (A). A party may not use a Civ.R. 60 (B) motion as a substitute for appeal. E.g., Doe v. Trumbull County Children's ServicesBoard (1986), 28 Ohio St.3d 128. As all arguments raised in appellant's motion to vacate should have been raised on direct appeal, relief from judgment was not appropriate.
 {¶ 10} Appellant argues for the first time at oral argument that he was not notified pursuant to Civ.R. 58 that the order of confirmation of the sale was a final order. While the docket lacks an entry indicating that the court clerk served notice of a final order on the parties, such defect does not toll the running of the time for appeal unless service is not perfected within three days. Civ.R. 58 (B); App.R. 4 (A). Appellant did not claim in the trial court that he did not receive timely service of the entry. Nor does appellant claim on appeal that he did not receive timely notice of the entry, he merely claimed that he was not sure the order of the court was the court's final judgment. As appellant did not use an appropriate procedural mechanism to challenge the issue of notification of a final order, we cannot now find that appellant was not required to appeal the order confirming the sale.
 {¶ 11} In any event, appellant's motion to vacate is not an appropriate motion pursuant to Civ.R. 60 (B). A party seeking relief from judgment must provide affidavit quality evidence sufficient to justify a claim for relief under Civ.R. 60 (B). Adomeit v. Baltimore (1974),39 Ohio App.2d 97. Further, to be successful on a claim, the movant must prove that the party has a meritorious defense or claim to present if relief is granted, that the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5), and the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146. Appellant failed to demonstrate in its motion that it was entitled to relief under one of the grounds in Civ.R. 60 (B), and did not support its motion with evidence of affidavit quality. The court did not abuse its discretion in overruling the motion to vacate.
 {¶ 12} The assignment of error is sustained.
 {¶ 13} The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, J., and Farmer, J., concur.
topic: Civ.R. 60 (B)