This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christina Tucker, appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that denied her motion for relief from judgment filed pursuant to Civ.R. 60(B). We affirm.
 {¶ 2} Tucker is the mother of S.P., a minor child who was placed in the temporary custody of Lorain County Children Services ("LCCS") in May 1999. On September 5, 2000, LCCS moved for permanent custody of S.P. Following a hearing on the motion, the trial court placed S.P. in the permanent custody of LCCS and terminated Tucker's parental rights on October 12, 2000.
 {¶ 3} On July 11, 2002, Tucker filed a motion, pursuant to Civ.R. 60(B), to vacate the trial court's October 12, 2000, judgment. The trial court denied the motion without a hearing. Tucker appeals and raises one assignment of error.
 Assignment of Error {¶ 4} "THE TRIAL COURT ERRED [AND] ABUSED ITS DISCRETION IN DENYING APPELLANT TUCKER'S MOTION FOR RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(5) AND APPELLANT'S MOTION TO VACATE[1] WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."
 {¶ 5} Tucker contends that the trial court abused its discretion by denying her Civ.R. 60(B) motion for relief from the trial court's October 2000 judgment without first holding an evidentiary hearing. We disagree.
 {¶ 6} A ruling on a motion for relief from judgment is left to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. A party moving for relief from judgment pursuant to Civ.R. 60(B) is entitled to a hearing only if sufficient operative facts are alleged. "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Coulsonv. Coulson (1983), 5 Ohio St.3d 12, 16, quoting Adomeit v. Baltimore
(1974), 39 Ohio App.2d 97, 105.
 {¶ 7} Consequently, a hearing was warranted on Tucker's motion only if she alleged sufficient facts to demonstrate her entitlement to relief from judgment under Civ.R. 60(B). To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), Tucker was required to demonstrate that (1) she had a meritorious defense or claim to present if relief was granted; (2) she was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion was made within a reasonable time. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 8} Because Tucker waited nineteen months after the trial court's judgment to file her Civ.R. 60(B) motion, we will focus on the third prong of the Civ.R. 60(B) test, that the motion must be made within a reasonable time. See GTE, supra. Although the issue of "what constitutes `reasonable time' for filing the motion under Civ.R. 60(B) depends upon the facts of the case[,]" Stickler v. Ed Breuer Co. (Feb. 24, 2000), 8th Dist. Nos. 75176, 75192, and 75206, Tucker failed to allege any facts as an explanation for her nineteen-month delay in seeking relief from the trial court's judgment. "Even unjustified delays of less than a year can be untimely for Civ.R. 60(B) purposes. A movant must offer some operative facts or evidential material demonstrating the timeliness of his or her motion." In re Guardianship of Brunstetter, 11th Dist. No. 2002-T-0008, 2002-Ohio-6940, ¶ 14, citing Shell v. Cryer,
11th Dist. No. 2001- L-083, 2002-Ohio-848.
 {¶ 9} Because Tucker failed to allege any facts to demonstrate that her motion was made within a reasonable time, the trial court did not abuse its discretion in denying her motion for relief from judgment without a hearing. The assignment of error is overruled.
SLABY, P.J. and BATCHELDER, J., CONCUR
[1] Although Tucker's assigned error refers to a motion to vacate, filed May 29, 2002, which sought to vacate a 1999 order that placed S.P. in the temporary custody of LCCS, she failed to articulate any argument on that issue. Thus, we will not address it. See App.R. 12(A)(2).