OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Darrell W. Swaney ("husband") appeals the March 9, 2004 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which denied his Motion for Relief from Final Judgment Entry issued January 2, 2003. Defendant-appellee is Connie L. Swaney ("wife").
 STATEMENT OF THE CASE AND FACTS
{¶ 2} Husband and wife were married on March 15, 1977. Husband filed a Complaint for Divorce on March 13, 2001. Wife filed a timely answer and counterclaim. The magistrate conducted a trial on December 18, and 19, 2001. The magistrate filed his Decision on May 1, 2002. The parties each filed objections thereto. The transcript of the trial before the magistrate was filed September 4, 2002. The trial court conducted a hearing on the objections on September 30, 2002.
{¶ 3} Via Judgment Entry filed January 2, 2003, the trial court approved and adopted the magistrate's findings, conclusions and recommendations. The only change made by the trial court was a clarification that spousal support would terminate upon the death of either party or the remarriage or cohabitation of wife. The trial court did not retain jurisdiction to modify spousal support. Husband appealed to this Court, and we affirmed the trial court's decision via Opinion filed August 28, 2003. Swaneyv. Swaney, Tusc. App. No. 2003AP010011, 2003-Ohio-4641.
{¶ 4} On January 6, 2003, husband filed a Motion for Relief from Final Judgment Entry issued January 2, 2003. In his motion, husband explained subsequent to the magistrate's May 1, 2002 Decision, and prior to the trial court's adoption thereof, he became unemployed. The trial court conducted an oral hearing on the motion on September 22, 2003. No evidence was taken at the hearing. Via Judgment Entry filed March 9, 2004, the trial court denied husband's motion.
{¶ 5} It is from this judgment entry husband appeals, raising as his sole assignment of error:
{¶ 6} "I. The trial court abused its discretion in not permitting an evidentiary hearing and in overruling the motion for relief from judgment filed september 8, 2003."
 I
{¶ 7} Herein, husband maintains the trial court erred in overruling his Civ. R. 60(B) motion without conducting an evidentiary hearing. We disagree.
{¶ 8} Upon the filing of a 60(B) motion, a movant is not automatically entitled to such relief nor to a hearing on the motion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97. The movant has the burden of proving that the movant is entitled to a hearing. Id. It is discretionary with the trial court whether the motion will be heard and absent a clear showing of an abuse of discretion, the decision of the trial court will not be disturbed on appeal. Id. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
{¶ 9} The trial court herein did, in fact, conduct an oral hearing. Husband maintains it was error for the trial court not to hear evidence. It is the duty of the appellant to ensure that the record, or whatever portions thereof are necessary for the determination of the appeal, are filed with the court in which he seeks review. App.R. 9(B) and 10(A). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Labs. (1980),61 Ohio St.2d 197. Because no transcript of the hearing was filed in this case which would reflect whether appellant requested to present evidence or objected to the hearing proceeding only orally, we must presume the validity of the lower court's proceedings.
{¶ 10} Husband's sole assignment of error is overruled.
{¶ 11} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.