OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied appellant Robin Lea Gorka's motion for relief from judgment.
Appellant sets forth the following assignment of error:
 "THE COURT ERRED IN DENYING APPELLANT'S MOTION TO SET ASIDE JUDGMENT UNDER CIVIL RULE 60(B) WITHOUT ACCORDING APPELLANT A RIGHT TO BE HEARD ON THE MATTER."
The facts relevant to this appeal are as follows. On January 10, 1997, appellant filed a complaint for divorce. A final judgment entry of divorce was filed December 16, 1997. On March 26, 1998, appellee filed a motion to terminate spousal support. An agreement was reached on the motion; said agreement is reflected in the consent judgment entry of April 24, 1998.
On October 27, 1998, appellant filed a motion to vacate judgment pursuant to Civ.R. 60(B), and for other relief. In her motion, appellant requested:
 "(1) An order setting aside the Judgment Order of April 24, 1998.
 "(2) An order increasing (modifying) the child support order for the minor children of Plaintiff and Defendant by reason of changed circumstances.
 "(3) An order modifying the Defendant's visitation and companionship rights (with the minor children of Plaintiff and Defendant) to a supervised or restricted visitation schedule.
 "(4) An order granting other relief consistent herewith."
On November 16, 1998, the trial court, without holding a hearing, denied the motion. In its judgment entry, the trial court stated, in part:
 "* * * Plaintiff has failed to state upon which subsection of Civil Rule 60(B) that she is moving for relief.
 "* * *. Plaintiff had failed to submit any evidence before this Court to support a viable claim or defense to present, if the spousal support obligation in the judgment entry was set aside. Moreover, the Court's review of the record indicates that the Consent Judgment Entry as to modification of spousal support was a result of an agreement between the parties which the Court had reviewed and deemed the agreement to be fair and equitable in granting judgment."
Appellant asserts in her sole assignment of error that she was entitled to a hearing on her motion to vacate judgment. Appellee responds that since appellant failed to establish a meritorious defense or claim and set forth a basis for relief under Civ.R. 60(B), the motion was properly denied without a hearing.
It is well established that a motion for relief from judgment pursuant to Civ.R. 60(B) is left to the sound discretion of the trial court, and the court's ruling will not be disturbed absent a showing of abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1984), 5 Ohio St.3d 217, 219.
Civ.R. 60(B) sets forth the following grounds for relief from judgment:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B) (1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. EastOhio Gas Co. v. Walker (1978), 59 Ohio App.2d 216. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth inGTE, supra. Argo Plastic Products v. Cleveland
(1984), 15 Ohio St.3d 389, 391.
A movant requesting relief is not automatically entitled to a hearing. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,103. "If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion."Id. at 105.
Accordingly, we must consider the standard for granting a Civ.R. 60(B) motion and the evidence that was before the trial court, in order to determine whether the trial court abused its discretion when it failed to grant appellant a hearing.
After careful consideration of the record, we find that appellant failed to present the court with the "operative facts" necessary to require a hearing on the motion. Adomeit and EastOhio Gas Co., supra. On this same basis, we further find that the trial court did not abuse its discretion by denying appellant's motion to vacate judgment. Accordingly, appellant's assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, P.J. JUDGE
 _______________________________ Melvin L. Resnick, J. JUDGE
 _______________________________ Mark L. Pietrykowski, J. JUDGE
CONCUR.