OPINION
Defendant-Appellant, Lisa M. Roberts, appeals a Hancock County Common Pleas Court, Domestic Relations Division decision denying her motion to vacate a decree of dissolution including a shared parenting plan between she and Plaintiff-Appellee, Jeffrey L. Roberts, pursuant to Civ.R. 60(B). On appeal, Lisa claims that the trial court erred in failing to vacate the parties' shared parenting plan because she was not provided copies of and did not understand the terms of the agreement, thereby precluding its enforcement for lack of mutual assent. However, testimony supports that Lisa was given copies of the subject agreement. The evidence further indicates that the agreement was voluntarily signed and that she acknowledged before the court her understanding of its terms. Moreover, nothing in the record supports that the terms she is now claiming should have been included in the agreement were contemplated by the parties. Accordingly, we affirm the judgment of the trial court.
Facts and procedural history relevant to this appeal are as follows. Lisa and Jeffrey were married on July 18, 1987, and two children were born issue of the marriage. At some point prior to May 2001, the parties decided to dissolve their marriage. Jeffrey retained counsel who assisted in preparing the terms of their separation agreement and shared parenting plan. At Jeffrey's attorney's law office, Lisa signed an acknowledgment and waiver of the right to counsel and was also informed that Jeffrey's counsel was not hired to represent her.
Both parties reviewed and signed the separation agreement and shared parenting plan, which designated Jeffrey as residential parent for school purposes unless he moved from the Van Buren School District, at which time Lisa would then become residential parent for school purposes. At the dissolution hearing before the magistrate, on May 4, 2001, Lisa waived her right to an attorney, and both parties acknowledged that they understood the terms of the agreement, that it had been voluntarily signed, and that it was in the best interests of their children. Moreover, both waived their right to a separate magistrate's decision and the fourteen day objection period. The magistrate also found that the agreement represented the best interests of the children.
After the hearing and off the record, the magistrate noticed that the shared parenting plan contained two versions of page three. Jeffrey's attorney stated that when he returned to his office to make the requisite copies for filing the documents with the court he would remove the page that was inadvertently included. The documents were subsequently filed in accordance with the parties' agreement, and they were formally divorced on May 7, 2001. Jeffrey was provided with two certified copies of the dissolution papers with instructions from his attorney to deliver one copy to Lisa, which he subsequently did.
Thereafter, Lisa moved to Fostoria, Ohio and attempted to enroll the parties' children in Fostoria schools. At that time, Jeffrey reminded her that he was the residential parent for school purposes, and, pursuant to their shared parenting plan, she was not entitled to register the children for school. In response, Lisa filed a Civ.R. 60(B) motion for relief from judgment on August 1, 2001, claiming that she did not understand the provisions of the shared parenting plan and that the judgment of dissolution should be vacated: she contends that she should have been designated residential parent for school purposes after the 2000-2001 school year. After a hearing on the motion, the trial court entered judgment on December 14, 2001, denying Lisa's request to vacate the prior judgment of dissolution. From this decision Lisa appeals, asserting one assignment of error for our consideration.
 Assignment of Error I
"The trial court committed prejudicial error for failing to grant the appellant's 60(B) motion to set aside a shared parenting plan when there was not a mutuality of agreement as to the terms of the shared parenting plan."
Within the assigned error, Lisa contends that the trial court erred in failing to vacate the parties' shared parenting plan, pursuant to Civ.R. 60(B), because she did not understand the terms of the agreement, constituting a lack of mutual assent, and that the opposition engaged in misconduct by not providing her copies of the certified agreement as accepted by the magistrate. Based upon the following, however, we affirm the decision of the trial court.
Civ.R. 60(B) states, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) * * * misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. * * *."
In GTE Automatic Electric Inc. v. ARC Industries, Inc., the Ohio Supreme Court set forth the criteria necessary to prevail on a motion for relief from judgment:
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[1]
Because the foregoing requirements are stated in the conjunctive rather than disjunctive, all three requirements must be satisfied in order to be entitled to relief.[2]
The decision to grant or deny a motion made pursuant to Civ.R. 60(B) is discretionary and, thus, will not be disturbed on appeal absent an abuse of discretion.[3] An abuse of discretion has been characterized as a decision that is arbitrary, unreasonable, or unconscionable in nature.[4]
Consequently, an appellate court should not independently review the weight of the evidence in the majority of cases but, rather, should be guided by the presumption that the trial court's findings are correct.[5]
Since we find it to be dispositive, our analysis will focus on the second prong of the GTE test: whether Lisa is entitled to relief under Civ.R. 60(B)(3) or (5). With regards to Civ.R. 60(B)(3), Lisa claims that Jeffrey engaged in misconduct by failing to provide her with certified copies of the dissolution documents, including the shared parenting plan, as ultimately filed with the court. However, testimony elicited at the hearing before the trial court indicated that Jeffrey received two certified copies from his attorney's secretary with instructions to give one copy to Lisa. In addition, testimony from both Jeffrey and his mother corroborated that the documents were handed to Lisa at Jeffrey's residence when she arrived to pick up the parties' children for visitation prior to the filing of the instant motion. Moreover, as discussed below, Lisa makes no claim that the terms of the shared parenting plan deviate from the parties' agreement acknowledged before the trial court. And, Lisa reviewed the parenting plan on two occasions prior to the dissolution hearing and received an uncertified copy at the hearing. Accordingly, we find no abuse of discretion in the trial court's failure to find misconduct pursuant to Civ.R. 60(B)(3).
We will now turn to discuss the majority of Lisa's argument, which focuses on Civ.R. 60(B)(5); namely, that she is entitled to vacation of the parties' shared parenting plan based upon the agreement's lack of mutuality. The crux of her argument is that she did not understand the terms of the parenting plan: a lack of understanding she asserts is bolstered by her claim that the magistrate did not review the plan's terms with her so that she would have a full understanding of their import. Substantiated by the following testimony, however, we find no abuse of discretion in the trial court's determination.
Testimony indicates that the parties met at Jeffrey's workplace to informally review the original parenting agreement, which states, on page three:
 "Jeffrey L. Roberts is hereby designated as residential parent for school purposes for the 2000-2001 school year, and Jeffrey L. Roberts is designated as residential parent of the minor children for school purposes in all following years while residing at the address of: 13942 Twp. Rd. 108, Findlay, Ohio; however, should Jeffrey L. Roberts move away from the Van Buren Ohio School District, then the children's primary address will be with their mother, Lisa M. Roberts."
Testimony further reveals that subsequent to this meeting and prior to signing the final agreement, Jeffrey instructed his attorney to change the previously quoted portion to state:
 "Jeffrey L. Roberts is hereby designated as residential parent for school purposes for the 2000-2001 school year, and Jeffery L. Roberts is designated as residential parent of the minor children for school purposes in all following years while residing at the address of: 13942 Twp. Rd. 108, Findlay, Ohio; however, should Jeffrey L. Roberts move away from the Van Buren Ohio School District, then the children's primary address will be with their mother, Lisa M. Roberts, provided she resides in the Van Buren Ohio School District. If neither parent resides in the Van Buren Ohio School District, then the children's primary address will be with their father."
Thereafter, the parties met with Jeffrey's attorney to sign the agreement. Prior to signing, however, Lisa objected to the changed language contained on page three. In response, the original page three was returned to the agreement, which the parties acknowledged and signed; however, the altered page three was also inadvertently included without the parties' awareness.
At the final divorce hearing, the magistrate questioned both parties as to their knowledge of the agreed terms included in the parenting plan. Lisa unequivocally waived her right to an attorney, stated that she understood and was satisfied with the terms of the agreement, declined the opportunity to ask any questions about the agreement, indicated that she voluntarily signed the agreement, and declared that the agreement "[a]bsolutely" provides for the best interests of the parties' children and that it should be adopted by the court in its decree of dissolution. Moreover, both parties, after being fully informed of its import, waived the issuance of a separate magistrate's decision and the fourteen day objection period. Accordingly, based upon these facts, Lisa cannot claim that she was not afforded ample opportunity before the magistrate to discuss any alleged misunderstanding of the parties' agreement,[6] and the statutory directives relating to the court's review of a shared parenting plan do not require a magistrate to review the specific terms of a jointly filed agreement with the parties.[7]
Upon the realization by the magistrate that two versions of page three were included in the parenting agreement, Jeffrey's attorney told the magistrate he would include only the originally agreed upon version when he returned to file the documents after making the requisite copies. Testimony at the hearing on the instant motion revealed that Lisa returned to the courthouse immediately following her departure from the dissolution hearing to confirm that the original version would be included. Further testimony indicated that she called Jeffrey's attorney from the courthouse and was informed that he would only be filing the agreement with the page three that she agreed to, which was subsequently done.
Nearly three months after the trial court entered its judgment entry of divorce, Lisa filed the instant motion for relief from judgment, claiming that she did not understand the shared parenting plan and was supposed to have been named residential parent for school purposes after the 2000-2001 school year. However, Lisa signed and acknowledged her understanding of the agreement, and, accordingly, she cannot now claim that she does not understand its import or claim that she did not read it when she signed it.[8] Notably, neither of the residential parent provisions contained in either version of page three provided for what Lisa is now claiming should have been included. Moreover, no evidence gives credence to Lisa's claim that the parties agreed that she should be named residential parent for school purposes after the 2000-2001 school year.
We are reminded that 60(B)(5) should be applied cautiously, and such relief should only be granted "in an extraordinary and unusual case when the interests of justice warrants [sic] it."[9] This is not such a case. Lisa has provided no evidence supporting her contentions or evidence tending to show that the circumstances surrounding the disposition of this case are so extraordinary or unusual that relief is warranted under Civ.R. 60(B)(5). Consequently, we do not find that the trial court abused its discretion in denying her motion.
For the aforementioned reasons, Lisa's sole assignment of error is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, J.J., concur.
[1] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of thesyllabus.
[2] Blankemeyer v. Blankemeyer (June 18, 1999), Putnam App. No.12-99-01, citing Verco Industries v. Fintastic Pet Centers (Oct.28, 1998), Marion App. No. 9-98-17; GTE Automatic Elec. Inc.,47 Ohio St.2d at 151.
[3] Strack v. Pelton (1994), 70 Ohio St.3d 172, 174, 1994-Ohio-107,637 N.E.2d 914.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
[5] Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
[6] See, e.g., Liodos v. Liodos (Aug. 1, 2001), Summit App. Nos. 20342, 20424.
[7] R.C. 3109.04(D)(1)(i).
[8] Cf. McAdams v. McAdams (1909), 80 Ohio St. 232, 240-41, 88 N.E. 542;Upton v. Tribilcock (1875), 91 U.S. 45, 50, 23 L.Ed. 203; ABM Farms,Inc. v. Woods (1998), 81 Ohio St.3d 498, 503, 1998-Ohio-612,692 N.E.2d 574; Kroeger v. Brody (1936), 130 Ohio St. 559, 566,5 O.O. 210, 200 N.E. 836; Garcia v. Wayne Homes, LLC (Apr. 19, 2002), Clark App. No. 2001 CA 53, 2002-Ohio-1884.
[9] Blankemeyer v. Blankemeyer (June 18, 1999), Putnam App. No.12-99-01, quoting Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105, 68 O.O.2d 251, 316 N.E.2d 469.