JOURNAL ENTRY AND OPINION.
{¶ 1} Miracor Diagnostics, Inc. and its subsidiary MRI centers appeal from a judgment of the common pleas court denying their Civ.R. 60(B) motion to vacate a judgment against them in the amount of $187,102.43 in connection of a lawsuit filed by James V. Zelch, M.D., P.C., Inc. (hereafter "Zelch") and J.Z. Investments, Inc. (hereafter "J.Z."). On appeal, these defendants contend that the court abused its discretion in not holding a hearing prior to its denial of their Civ.R. 60(B) motion. They also contend the court abused its discretion by not granting their motion. The two assignments of error presented for our review state:
 {¶ 2} "I. The Court below abused its discretion to the prejudice of the Defendant-Appellants in refusing to set aside and vacate an exparte Default Judgment under the authority of Civil Rule 60(B)."
 {¶ 3} "II. The Court abused its discretion to the prejudice of the Defendant-Appellants by not first holding an evidentiary hearing where grounds for relief from the Default Judgment were sufficiently alleged and supported by the Defendant-Appellants with the unrebutted Affidavit(s) of the Defendant-Appellant Miracor's Chief Executive Officer (`CEO') Mr. M. Lee Hulsebus (R. 95) and other evidence warranting said relief, which included a `Stipulated Entry of Settlement' (R. 48) and `General Release' (R. 86) (Exhibits "A" and "B" attached to the instant Brief)."
 {¶ 4} Having reviewed the record and pertinent law, we conclude the trial court should have conducted a hearing to determine if the relief sought is warranted in this case. We therefore vacate the court's order and remand for further proceedings consistent with this opinion. The apposite facts follow.
 {¶ 5} The record reflects Zelch and J.Z. brought an action in 1998 against Vision MRI of Toledo, West Regional MRI, Limited (dba Vision MRI of Oakbrook), Vision MRI of Orlando, Regional MRI of Orlando, Inc., Dr. Lawrence Lammers, and Miracor (formerly known as Medical Device Technologies, Inc.)[1] J.Z. and Lammers were co-owners of these MRI centers. The lawsuit alleged altogether 12 counts. The first four counts raised claims of breach of contract, action upon an open account, unjust enrichment, and fraud and conversion, all of which related to professional fees Miracor and the MRI centers (hereafter collectively as "Miracor") allegedly owed Zelch. Counts five to twelve of the lawsuit, which raised claims of breach of contract, breach of fiduciary duty, self-dealing, conversion, fraud, "constructive trust," and punitive damages, related to Zelch's allegation that Lammers misappropriated the assets of those MRI centers.
 {¶ 6} Upon the request of the plaintiffs, the trial court subsequently bifurcated counts one to four and set these claims for trial. The docket then reflects the filing of a Stipulated Entry of Settlement[2] dated February 23, 1999, which stated that the parties had entered into an agreement to settle counts one to four of the lawsuit. In exchange for a release from these claims, Miracor agreed to pay Zelch $457,731.70 in several installments, including a final balloon payment of $215,787.80 due on November 5, 2000. In addition, Miracor agreed to provide plaintiffs' counsel with an executed judgment entry to be held in escrow: in the event of default by Miracor, and if Miracor fails to cure the default after a 10-day notice, plaintiffs' counsel shall file an affidavit attesting to Miracor's failure of payment and the court shall then enter a judgment in an ex-parte procedure against Miracor for any balance due under the settlement agreement. Finally, the agreement provided that "[i]n the event that [J.Z.] is successful in prosecuting Count Eleven [the "constructive trust" count] of the Third Amended Complaint, [Miracor] shall not be responsible for any balance due Zelch under the terms of this Stipulation. In such event, [Miracor], JZ, and Zelch agree to hold each other harmless from any further claims under this Stipulation."
 {¶ 7} Thereafter, the docket reflects a court order dated October 25, 2000, which indicated that this case was settled and dismissed with prejudice as to defendants Regional MRI of Orlando, West Regional MRI, Vision MRI of Toledo, and Miracor; it indicated also that claims as to defendant Lammers remained pending.[3]
 {¶ 8} The docket next reflects a stipulated judgment entry of dismissal dated December 4, 2000 regarding all claims against Lammers. The terms of this stipulated judgment entry provided that Lammers and Miracor distributed a total of 1,101,197 shares of Miracor to J.Z. in exchange for J.Z. and Zelch's release of their claims against him.[4]
 {¶ 9} On September 26, 2001, Zelch and J.Z. moved to vacate the February 23, 1999 Stipulated Entry of Settlement, claiming that Miracor failed to make the balloon payment in the amount of $215,787.70 due on November 5, 2000 under that settlement agreement; that plaintiffs gave notice of the default to Lee Hulsebus, CEO of Miracor; and that Miracor owed a balance of $187,102.43.
 {¶ 10} On October 2, 2001, the court granted that motion, vacating the February 23, 1999 settlement agreement and entering judgment against Miracor in the amount of $187,102.43.
 {¶ 11} Subsequently, on December 17, 2001, Miracor filed a Civ.R 60(B) motion for relief from judgment, asking the court to set aside the October 2, 2001 judgment. The court, without holding a hearing, denied that motion.
 {¶ 12} Because our resolution of the second assignment of error is dispositive of this appeal, we consider that claim first.
 {¶ 13} In a review of a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion.[5]
 {¶ 14} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[6]
 {¶ 15} Furthermore, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."[7]
 {¶ 16} Furthermore, when a movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.[8] A trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment.[9] As the court explained in Kay v. Marc Glassman, this rule is in accordance with the underlying policies governing Civ.R. 60(B) and, in particular, the fact that Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served.[10]
 {¶ 17} Here, in their Civ.R. 60(B) motion, the defendants attached a Release and Settlement Agreement executed by Miracor, Zelch, and J.Z. on October 13, 2000, which purported to release Miracor from all claims arising out of the instant lawsuit, in exchange for $30,000 or 125,000 shares of Miracor stocks, at Miracor's option.[11] The motion also attached a letter dated September 27, 2001 from Miracor's counsel to the plaintiffs' counsel which confirmed that Miracor transferred 125,000 shares of Miracor stocks to plaintiffs pursuant to that settlement. In addition, the motion attached an affidavit by Miracor's CEO, Hulsebus, stating that he did not receive any notice of default[12] as required by the Stipulated Entry of Settlement.
 {¶ 18} Our review of the record thus indicates that Miracor alleged sufficient operative facts which would support a meritorious defense to the plaintiffs' claim that Miracor owed any further amount under the February 23, 1999 Stipulated Entry of Settlement following the October 13, 2000 release and settlement. It also alleged sufficient facts regarding the requisite notice and an opportunity to cure to support a meritorious defense to plaintiffs' claim of entitlement to a default judgment. Consequently, the trial court should grant a hearing to take evidence and verify those allegations of facts before it rules on the defendants' motion.[13] The court therefore abused its discretion when it denied that motion without a hearing. This assignment of error has merit. Our resolution of this assignment error renders an analysis with respect to appellants' first assignment of error moot and we need not address it pursuant to App.R. 12(A)(1)(c).
Judgment vacated and case remanded for further proceedings consistent with this opinion.
Judgment vacated and cause is remanded to the lower court for further proceedings consistent with this opinion.
Costs to be divided equally between appellees and appellants.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., concur.
[1] Miracor is the parent company of all the MRI centers named in the lawsuit.
[2] The parties to this settlement agreement were the MRI centers named in the lawsuit, Miracor, Zelch, and J.Z. Investments, Inc.; Lammers was not a party to this agreement.
[3] The docket also reflects a Stipulated Judgment Entry of Dismissal filed on October 25, 2000, which stated that the action was settled and dismissed regarding defendant Miracor. The settlement agreement for releasing these defendants was not docketed.
[4] Because of this settlement, Lammers, although a defendant in the lawsuit, is not a party in this appeal.
[5] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
[6] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257 (citations omitted).
[7] GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
[8] Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18.
[9] Id. at 20, citing Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,105.
[10] Id., citing Colley v. Bazell (1980), 64 Ohio St.2d 243, 249.
[11] The agreement states that it releases the defendants from "all claims, demands, sums of money, actions, rights, causes of action, obligations and liabilities of any kind or nature whatsoever which Releasors may have, had or claim to have had, or now have or claim to have, hereinafter may have or assert to have, whether known or unknown, arising out of or in any manner whatsoever, directly or indirectly, connected with or related to Releasors and Releasees' business relationship, or in any way arising out of, or in any way connected with a lawsuit filed in the Court of Common Pleas for Cuyahoga County, Ohio captioned James V. Zelch, M.D., P.C., Inc. et al. v. Vision MRI ofToledo, et al. Case No. 3528 [sic]."
[12] In this connection, the record contains a letter produced by the plaintiffs dated May 30, 2001, which was allegedly sent to Hulsebus as a notification of default. This letter contains the following language:
"While we appreciate your financial situation, we must insist that [you] satisfy the outstanding debt on your judgment in a more expeditious manner, and in cash. I am sure you will agree that Dr. Zelch has been more than accommodating. However, as you know the debt was to be paid in full by a `balloon' payment last year.
"Unfortunately, if Miracor cannot propose an acceptable solution, we may have to resort to the Supplemental [sic] Judgment Entry which I have been holding in my file. Please call me to discuss the situation at your earliest convenience."
This letter, however, was not signed by plaintiffs' counsel. Furthermore, Hulsebus, in his affidavit filed with the Civ.R. 60(B) motion, stated that he never received this letter.
[13] See, also, BancOhio Natl. Bank v. Schiesswohl (1988),51 Ohio App.3d 130, paragraph one of the syllabus.