DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Craig D. Bevan, appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, which denied appellant's motion for relief from judgment, pursuant to Civ.R. 60(B). This Court affirms.
 I. {¶ 2} Appellant and appellee, Karen A. Bevan, were divorced on February 27, 1995. The judgment entry for divorce awarded appellee an interest in appellant's Ohio Police and Fireman's Pension Fund ("OPFPF") as and for alimony. The OPFPF was to begin paying appellee at the time when appellant "actually receives the monthly retirement payment[.]" On June 27, 2001, the trial court issued a supplemental judgment entry of divorce regarding the Police and Fireman's Pension Plan. The supplemental judgment entry reiterated that appellee was to receive a portion of appellant's monthly benefit under the plan as soon as appellant entered pay status.
 {¶ 3} On or about October 31, 2001, appellant became disabled and opted for disability benefits from the OPFPF in lieu of age and service retirement benefits. To facilitate the distribution of spousal support to appellee under the plan, on April 8, 2002, the trial court issued a Division of Property Order ("DPO") regarding the OPFPF. The April 8, 2002 DPO indicated that the only applicable benefits were those from age and service monthly retirement benefits. On April 15, 2002, the OPFPF received the DPO and its Executive Director William J. Estabrook signed it on May 31, 2002. On June 12, 2002, the OPFPF filed its notice of acceptance of the DPO.
 {¶ 4} On February 24, 2003, appellee filed a motion to show cause, alleging that appellant was refusing to cooperate in the enforcement of appellee's interest in appellant's OPFPF. Although the matter was scheduled for contested hearing, the magistrate issued an order on July 18, 2003, indicating that the matter was settled and ordering the parties to submit a journal entry to the magistrate by August 5, 2003. On September 11, 2003, the magistrate issued an order noting that the parties had failed to submit the agreed journal entry to court, but that appellee tendered a DPO, which her counsel represented was the basis for the parties' agreement. The magistrate granted appellant 10 days to file objections to the proposed DPO.
 {¶ 5} On September 22, 2003, appellant filed a motion to set aside the magistrate's order, asserting that the proposed DPO was not consistent with the terms of the judgment entry for divorce or any other agreement reached by the parties. In support, appellant attached letters from the OPFPF to appellant and appellee, informing them that the fund had been improperly paying appellee under the terms of the DPO, because the DPO permits payments from appellant's age and service monthly retirement benefit only, and not from his disability retirement benefit.
 {¶ 6} On February 17, 2004, appellee filed her brief in support of a motion to approve the proposed DPO. The trial court noted that the parties stipulated to the facts as contained in all exhibits attached to both appellant's and appellee's briefs. Attached to appellee's motion was a letter from OPFPF asserting that appellant's effective date of retirement was July 15, 2001; that appellant was eligible to receive normal age and service retirement at the start of his disability benefit; that appellant in his personal discretion opted for disability retirement benefits in lieu of age and service retirement benefits; and that appellant's gross monthly disability benefit was $3,171.48, while his gross monthly normal age and service retirement benefit would have been only $2,810.72.
 {¶ 7} On September 15, 2004, the trial court granted, in part, appellee's motion to approve the proposed DPO, effectively overruling appellant's motion to set aside the magistrate's order. The trial court reasoned that, given appellant's election for disability retirement benefits when he previously qualified for normal age and service retirement benefits, appellee maintained an interest in receiving spousal support from appellant's OPFPF monies. The trial court ordered appellee to prepare and submit a new DPO by October 12, 2004, which provides her with an interest in appellant's OPFPF disability benefit in proportion to what she would have received, if appellant were receiving the lesser amount of his normal age and service retirement benefits. The trial court further stated that appellee's failure to timely submit the proposed DPO "may result in imposition of sanctions."
 {¶ 8} Appellant filed a notice of appeal on October 13, 2004. This Court ordered appellant to file a memorandum by November 15, 2004, explaining why that appeal should not be dismissed for lack of a final, appealable order. Appellant did not respond to this Court's show cause order, and appellant's appeal was dismissed on December 7, 2004. Bevan v. Bevan, 9th Dist. No. 04CA008582.
 {¶ 9} Appellee failed to present her proposed DPO to the trial court for signature until on or about December 22, 2004. The DPO was filed that day. There was no endorsement thereon directing the clerk to serve the DPO on the parties. See Civ.R. 58(B). In addition, there is no notice of service by the clerk entered in the appearance docket. See id. On February 28, 2005, the OPFPF filed its notice of acceptance of the December 22, 2004 DPO, certifying service of its notice on the parties.
 {¶ 10} On March 14, 2005, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5). For grounds, appellant alleged that appellee's submission of the proposed DPO was untimely, that appellee failed to serve or cause appellant to be served with the DPO, and that such improper notice deprived appellant of his opportunity to timely appeal the trial court's September 15, 2004 journal entry. Appellee opposed appellant's motion. The magistrate noted in an order that the parties had briefed the matter and that the trial court would rule on the motion without further hearing. Appellant did not move to set aside the magistrate's order.
 {¶ 11} On May 3, 2005, the trial court denied appellant's motion for relief from judgment, finding that appellant failed to demonstrate any meritorious claim or defense. In addition, the trial court found that appellant improperly attempted to use a Civ.R. 60(B) motion as a substitute for a timely filed appeal. Appellant timely appeals the trial court's denial of his motion for relief from judgment, setting forth two assignments of error for review. This Court consolidates the assignments of error for ease of review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION TO VACATE JUDGMENT PURSUANT TO [CIV.R. 60(B)(1) AND (5)] AS APPELLANT WAS ENTITLED TO RELIEF FROM JUDGMENT."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT APPELLANT HAD NOTICE OF ISSUANCE OF THE [DPO] WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING."
 {¶ 12} Appellant argues that he presented a meritorious procedural defense, because he was never served with the DPO. He further argues that appellee's failure to timely submit the DPO to the trial court constitutes a meritorious procedural defense. In addition, appellant argues that the trial court abused its discretion by failing to conduct an evidentiary hearing, relying instead upon facts contained in exhibits attached to appellee's brief in opposition to appellant's Civ.R. 60(B) motion. This Court disagrees.
 {¶ 13} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 14} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 15} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 16} The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, paragraph two of the syllabus.
"If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at paragraph four of the syllabus.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay,76 Ohio St.3d at 20, citing Rose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 17} Appellant argues that the trial court erred by denying his motion for relief from judgment, or for not having a hearing prior to ruling. This Court finds that appellant's argument lacks merit because appellant failed to allege any operative facts regarding any meritorious defense.
 {¶ 18} Appellant alleges that he has a meritorious procedural defense to the DPO, because appellee failed to file the DPO in a timely manner. Appellant's argument lacks merit. Although the trial court stated that appellee's failure to timely submit the DPO for approval "may" result in sanctions, and appellant speculated that such sanctions might have included the court's refusal to accept the DPO, the trial court in fact did not refuse to accept the DPO. That the trial court might have imposed, in its discretion, some speculative sanction upon appellee for her untimely submission of the DPO does not constitute a defense to the substance of the DPO, should the trial court vacate that order. Accordingly, the trial court did not abuse its discretion when it found that appellant had not presented a meritorious defense to the DPO on the basis of appellee's untimely submission.
 {¶ 19} Appellant further alleges that he has a meritorious procedural defense, because he was never served with the DPO. This Court disagrees.
 {¶ 20} Civ.R. 58(B) provides:
"When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."
 {¶ 21} App.R. 4(A) provides:
"A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 22} Accordingly, App.R. 4(A) stays appellant's right to appeal until such time as the clerk has finally served notice of the judgment and its entry upon the docket. Moreover, there exists a mechanism to compel the clerk to perform its mandatory duty of service pursuant to Civ.R. 58(B). The failure of service, however, does not operate as a defense to the underlying DPO. Further, appellant has not alleged any defense he might have to present, if the trial court were to vacate the DPO.
 {¶ 23} In this case, it is clear that appellant has attempted to use a motion for relief from judgment pursuant to Civ.R. 60(B) as a substitute for the appeal which he may yet bring within thirty days of the clerk's service of notice of the judgment and its entry upon the docket. It is well settled that a Civ.R. 60(B) motion for relief from judgment is not a substitute for a timely perfected appeal. Morgan Auto Paint Co. v. Glassner (Apr. 17, 2002), 9th Dist. No. 20811, citing Doe v. Trumball Cty. ChildrenServs. Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus. In this case, appellant may perfect his appeal within thirty days of the date on which the clerk finally serves notice of the judgment and its entry. That his time for appeal has not yet begun to run does not constitute a meritorious defense in support of his motion for relief from judgment.[1]
Accordingly, the trial court did not abuse its discretion by denying appellant's motion for the reason that he failed to demonstrate that he has a meritorious defense to the DPO. Appellant's assignments of error are overruled.
 III. {¶ 24} Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Moore, J., Boyle, J., Concur.
[1] This is assuming that the clerk has not since served notice of the judgment and its entry upon the docket on appellant. At the time of the filing of this appeal, the clerk had not yet served such notice.