[Cite as *PNC Bank, N.A. v. DePalma* , 2012-Ohio-2774.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97566**

## PNC BANK, N.A.

PLAINTIFF-APPELLEE

vs.

## JOHN V. DEPALMA, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-712198

**BEFORE:**   Kilbane, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 21, 2012

**ATTORNEY FOR APPELLANTS**

Michael C. Asseff
159 Crocker Park Boulevard
Suite 400
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

Robert B. Weltman
David S. Brown
Weltman, Weinberg & Reis Co.
323 West Lakeside Avenue
Suite 200
Cleveland, Ohio    44113

MARY EILEEN KILBANE, J.:

{¶1} Defendants-appellants, John DePalma and Private Jet Management, LLC (collectively referred to as "appellants"), appeal the trial court's judgment denying their motion for relief from judgment under Civ.R. 60(B). Finding merit to the appeal, we reverse and remand.

{¶2} On December 8, 2009, PNC Bank, N.A. ("PNC"), as the successor in interest to National City Bank, filed a complaint against John DePalma ("John") and Private Jet Management, LLC ("Private Jet"), alleging money due on a business line of credit issued to Private Jet. PNC alleges that on May 26, 2006, a $50,000 line of credit was issued to Private Jet based on an application signed by Cheryl DePalma ("Cheryl"), John's former wife. The application, which was attached to the complaint, contains a signature for Cheryl as "Member" of Private Jet. PNC also attached an account statement, which indicates that as of July 2009, the balance due on the line of credit was $50,607.73.

{¶3} When PNC made a demand for the balance due, Cheryl executed an affidavit of forgery, which PNC attached to its complaint. In the affidavit, Cheryl states that in May 2006, she and John were married, but she filed for divorce in October 2009. She states that she did not have knowledge of the line of credit established in Private Jet's name. She did not execute the small business application on May 26, 2006, nor did she authorize anyone to execute her name to the application. She further states that John

operated Private Jet and that she never had an active role in the business.

{¶4} In the complaint, PNC alleges that John formed Private Jet, operated Private Jet, and was the alter-ego of Private Jet, and that John either executed the line of credit application or knew the person who executed the application in Cheryl's name. As a result, PNC claimed that John was unjustly enriched when he received the direct loan benefits from the line of credit. PNC further alleges that it "has reason to believe that [John] is either the alter-ego of [Private Jet], knew that the aforesaid Line of Credit was being executed, [and] was responsible for the execution of the name Cheryl A. DePalma as guarantor on the aforesaid Application[.]" PNC claimed that as of December 7, 2009, John owed it $51,283.67.

{¶5} PNC served the complaint separately to John and to "Private Jet, in care of John DePalma, Member," at an address in North Olmsted, Ohio. Appellants did not answer or otherwise respond to PNC's complaint. Subsequently, on March 18, 2010, the trial court entered a default judgment in PNC's favor and against appellants in the amount of $51,283.67. On August 16, 2010, John filed a pro se motion for relief from judgment under Civ.R. 60(B)(1), claiming that he was never served with the complaint because his legal address is in Indialantic, Florida. He attached an affidavit indicating that he did not form Private Jet, he was not a member of Private Jet, and he did not sign any application for a line of credit for Private Jet. The trial court set a hearing on the matter for January 18, 2011, but John voluntarily withdrew his motion that same day.

{¶6} Then in August 2011, appellants retained new counsel, who filed a renewed

motion for relief from judgment under Civ.R. 60(B)(5) and requested an oral hearing. Appellants argued that John is not a member of Private Jet, PNC's complaint fails to pierce the corporate veil, and PNC's complaint fails to state a claim. PNC opposed, and the trial court denied the motion without holding a hearing.

{¶7} Appellants now appeal, raising the following two assignments of error for review, which we will address in reverse order.

### ASSIGNMENT OF ERROR ONE

The trial court erred and abused its discretion in denying appellants' motion for relief from judgment.

### ASSIGNMENT OF ERROR TWO

The trial court erred and abused its discretion by denying appellants' motion for relief from judgment without first holding an evidentiary hearing.

### Standard of Review

{¶8} We review the trial court's ruling on a motion for relief from judgment under Civ.R. 60(B) for an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

### Civ.R. 60(B) — Motion for Relief from Judgment

{¶9} Civ.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: (1)

mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶10} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after judgment, order or proceeding was entered or taken. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶11} In the second assignment of error, appellants argue that the trial court abused its discretion when it failed to conduct an evidentiary hearing before ruling on their motion for relief of judgment. We agree.

{¶12} We recognize that a party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646, 591 N.E.2d 866 (8th Dist.1990), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). "If, however, the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted

facts." (Citations omitted.) *Id.*

{¶13} A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 1996-Ohio-430, 665 N.E.2d 1102. Thus, "'[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (May 18, 1983), quoting *Adomeit* at 105.

{¶14} In the instant case, PNC's complaint alleges that John formed Private Jet, operated Private Jet, and was the alter-ego of Private Jet and that John either executed the line of credit application or knew the person who executed the application in Cheryl's name. PNC further alleges that it "has reason to believe that [John] is either the alter-ego of [Private Jet], knew that the aforesaid Line of Credit was being executed, [and] was responsible for the execution of the name Cheryl A. DePalma as guarantor on the aforesaid Application[.]"

{¶15} In order to pierce the corporate veil and hold John personally liable for Private Jet's debt, PNC must prove that:

> (1) [John's] control over the corporation * * * was so complete that the corporation has no separate mind, will, or existence of its own, (2) [John's] control over the corporation * * * was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 1993-Ohio-119, 617 N.E.2d 1075, paragraph three of the syllabus.

{¶16} Here, PNC failed to provide the trial court with any evidentiary materials to support the allegations in its complaint. The application PNC attached to its complaint only lists Cheryl's name and signature as member of Private Jet. PNC failed to attach the actual credit agreement between PNC and Private Jet. Furthermore, PNC failed to attach any documents with John's name indicating that John formed Private Jet, was a member of Private Jet, executed the line of credit, or received any benefit from the line of credit.

{¶17} In addition, appellants attached to their renewed motion for relief from judgment an affidavit from John, in which he states that:

> 3. I have never been, nor am now, a member of [Private Jet], and have never held or now hold any economic interest in [Private Jet.]
>
> 4. I did not execute the Small Business Credit Application attached as Exhibit A to the complaint filed in [this case]. I did not forge the signatures of [Cheryl] on that Small Business Application, nor did I authorize any other person or entity to forge such signatures, nor do I know who forged such signatures, if such signatures are indeed forged.
>
> 5. I at no time signed [Cheryl's] name on this Small Business [A]pplication, either as the applicant or as guarantor, nor did I authorize or direct any other person or entity to do so, nor do I know the person or entity that did in fact sign such Small Business Application, if such signatures are indeed not those of [Cheryl].
>
> 6. I have never seen this Small Business Application at any time prior to being served with the Complaint [in this case], and have had no discussions or correspondence with either National City Bank or [PNC] prior to the commencement of [this case].
>
> 7. I have not received, accepted, or used any funds, proceeds or any monies derived from the line of credit referenced in [this case] for my own

personal use or benefit, nor have I personally benefitted from any such funds, proceeds, or monies in any way, if such funds had in fact been advanced to [Private Jet].

{¶18} We find that John's affidavit, combined with PNC's failure to demonstrate that John was personally liable for Private Jet's line of credit, provided sufficient operative facts that would support a meritorious defense to the judgment. As a result, the trial court abused its discretion when it failed to conduct a hearing before denying appellants' motion for relief from judgment.

{¶19} Accordingly, appellants' second assignment of error is sustained, and the matter is remanded to the trial court to conduct a hearing on appellants' motion for relief from judgment.

{¶20} In the first assignment of error, appellants' argue the trial court erred and abused its discretion by denying their motion for relief from judgment, when they demonstrated meritorious defenses to the default judgment. However, given our disposition of the second assignment of error, we overrule the first assignment of error as moot. *See* App.R. 12(A)(1)(c).

{¶21} Judgment is reversed and the matter is remanded for a hearing on appellants' motion for relief from judgment.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR