DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Dimitri Kazarinoff, appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied appellant's motion for relief from judgment. This Court affirms.
 I. {¶ 2} Appellant and appellee, Mary Kazarinoff, were married on November 11, 1989. On July 11, 2002, appellee filed for divorce. On the same date, appellant and appellee filed a Separation and Property Settlement Agreement ("Agreement"), which they both executed on June 5, 2002. On December 4, 2002, the trial court issued a judgment entry of divorce, attaching and incorporating by reference in the judgment the parties' June 5, 2002 Agreement. Also attached to the judgment entry of divorce was the purported worksheet used in computing child support for the benefit of the four minor children born of the marriage.
 {¶ 3} Appellant was not represented by counsel during the course of the proceedings, and he failed to appear at the hearing on the parties' divorce action.
 {¶ 4} The trial court ordered in the judgment entry that appellant shall pay child support to appellee in the amount of $625.00 per child per month, or a total child support obligation of $2,500.00 per month, plus fee. The trial court's order in this regard mirrored the parties' Agreement regarding child support.
 {¶ 5} The trial court further ordered in the judgment entry that appellant shall pay spousal support to appellee in the amount of $5,000.00 per month, plus fee. The spousal support payments would commence on November 1, 2002, and continue through and including December 1, 2018. The trial court's order in this regard mirrored the parties' Agreement regarding base spousal support. In addition, the parties' Agreement stated that appellant shall pay supplemental spousal support to appellee each year until and including 2018, during which appellant's gross income exceeds $245,000.00. The supplemental spousal support shall be a sum equal to 45% of appellant's gross income in excess of $245,000.00.
 {¶ 6} Pursuant to the parties' Agreement, appellant granted to appellee a share equal to 50% of appellant's vested interest as of May 23, 2002, in the McKinsey Company, Inc. Profit Sharing Retirement Plan and the General Motors Savings Stock Purchasing Program. The parties were required to present a Qualified Domestic Relations Order ("QDRO") to the court to vest appellee's rights, title and interest in the two plans. The parties presented the required QDROs. Under the terms of the Agreement and relevant QDRO, the McKinsey Company plan administrator must first deduct any loan balances against appellant's interest as of May 23, 2002, prior to the division to appellee of her 50% interest.
 {¶ 7} On March 15, 2005, appellant filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(4) and (5). On April 8, 2005, the trial court denied appellant's motion without hearing. On April 14, 2005, appellee, apparently having not yet received a copy of the trial court's judgment entry, filed a brief in opposition to appellant's motion for relief from judgment. On the same date, appellee filed a motion for relief from judgment, pursuant to Civ.R. 60(A), seeking to correct certain clerical errors in the judgment entry of divorce, as well as a motion to show cause. Before the trial court had the opportunity to rule on appellee's pending motions, appellant timely appealed from the judgment entry denying his motion for relief from judgment. Appellant raises one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT AN EVIDENTIARY HEARING."
 {¶ 8} Appellant argues that the trial court erred by denying his motion for relief from judgment without hearing. This Court disagrees.
 {¶ 9} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 10} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 11} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 12} The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc. (1996),76 Ohio St.3d 18, 19. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, paragraph two of the syllabus.
"If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id. at paragraph four of the syllabus.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay,76 Ohio St.3d at 20, citing Rose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 13} In this case, appellant argued in his motion for relief from judgment that the trial court should have vacated certain provisions of the judgment entry of divorce pursuant to Civ.R. 60(B)(4) and (5), because "[t]he terms of the separation agreement signed by [appellant] without the benefit of counsel are patently unfair, unconscionable, and not in accordance with the law." In addition, appellant argued that "the child support guidelines worksheet incorporated into the divorce judgment was not calculated pursuant to law; the judgment contains references to statutes which did not exist at the time; and it is no longer equitable that the judgment entry of divorce have prospective application." Appellant submitted his affidavit in support of his arguments.
 {¶ 14} In this case, this Court need not reach the questions of whether appellant alleged any meritorious claim or may be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), because appellant failed to satisfy the timeliness prong of the GTE test. See Cooper v. Cooper (Nov. 4, 1998), 9th Dist. No. 2741-M. "[T]he burden is on the moving party to justify any delays in submitting the request for relief." Id., quoting La Pointe v. Ohio Freight Forwarders
(Nov. 13, 1991), 9th Dist. No. 15083. This Court has further adopted the Eleventh District's explanation of this burden:
"the movant has the burden of proof, and `must submit factual material which on its face demonstrates the timeliness of the motion.' * * * To sustain this burden, `good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time.'" (Citations omitted, alterations sic.) Cooper, supra, quoting Adomeit, 39 Ohio App.2d at 103.
In the absence of such a demonstration, appellant will have failed to meet his burden and denial of the motion for relief from judgment for the reason that it was untimely would be appropriate. Id.
 {¶ 15} Appellant filed his motion for relief from judgment more than 27 months after the trial court issued the judgment entry of divorce, and more than 32 months after the parties filed their Agreement. At no time in either his motion or affidavit did appellant make any assertion or argument that his Civ.R. 60(B) motion was timely. Appellant, therefore, failed to present any operative facts regarding the timeliness of his motion for relief from judgment. Accordingly, the trial court did not abuse its discretion when it found appellant's motion to be untimely filed and when it denied the motion without first scheduling the matter for hearing. Appellant's assignment of error is overruled.
 III. {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied appellant's motion for relief from judgment, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Moore, J. Concur.