[Cite as *Schoen v. Schoen*, 2012-Ohio-5432.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

MICHAEL STEVEN SCHOEN

     Appellee

     v.

BONNIE JEAN SCHOEN

     Appellant

C.A. No.     11CA0040-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     09 DR 0339

DECISION AND JOURNAL ENTRY

Dated: November 26, 2012

---

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Bonnie and Michael Schoen were married in 1990 and sought dissolution of the marriage in 2009. According to the trial court's decree of dissolution, the parties appeared before the court and "acknowledged under oath [that] they [had] voluntarily entered into the Separation Agreement and Shared Parenting Plan . . . , [and] sought Dissolution of their marriage[.]" Nearly one year after the trial court entered judgment approving the separation agreement and shared parenting plan and dissolving the marriage, Ms. Schoen moved for relief from that judgment. Without holding a hearing, the trial court denied the motion based on a detailed analysis of whether Ms. Schoen had presented sufficient operative facts which, if proven true, demonstrate that she is entitled to relief under Rule 60(B)(1)-(5) of the Ohio Rules of Civil Procedure. Ms. Schoen has appealed. This Court affirms because Ms. Schoen failed to carry her burden to demonstrate that her motion for relief from judgment was timely filed.

BACKGROUND

**{¶2}** The Schoens were married for close to twenty years and had three children together. The trial court filed a decree of dissolution on August 14, 2009. Neither party appealed. In one document, filed August 13, 2010, Ms. Schoen moved the trial court for relief from judgment, to vacate the judgment, hold an evidentiary hearing, award attorney fees, and divide marital property that was not addressed in the dissolution decree of 2009. In September 2010, Ms. Schoen notified the trial court that she had served Mr. Schoen with a request for production of documents. Mr. Schoen moved to quash the discovery request, and Ms. Schoen moved for an extension of time to submit additional evidentiary materials in support of her motion for relief from judgment. The trial court denied Ms. Schoen's motion for an extension and, on March 7, 2011, denied her motions for relief from judgment, an evidentiary hearing, an award of attorney fees, and a division of property not addressed in the separation agreement.

**{¶3}** Ms. Schoen has appealed the trial court's denial of her motion for relief from judgment, motion for evidentiary hearing, and motion for extension of time to conduct discovery. She has argued that the trial court incorrectly denied her motion for relief from judgment and that the decision was against the manifest weight of the evidence. The substance of her argument is that Mr. Schoen procured her agreement to his property division plan by fraudulently concealing his interest in a California company and by harassing and threatening her. She also argued that the terms of the separation agreement incorporated into the judgment were unfair and inequitable.

**{¶4}** Ms. Schoen submitted affidavits to the trial court alleging that Mr. Schoen had abused her throughout their marriage and that she was under the influence of prescription drugs and fighting the effects of depression and migraine headaches during the dissolution process.

She also alleged that she learned after entry of the judgment that, despite Mr. Schoen's representation to the contrary, he retained an ownership interest in a California towing business at the time of the dissolution. Ms. Schoen also assigned as error the trial court's denial of her request for an evidentiary hearing and extension of time to conduct discovery.

## RELIEF FROM JUDGMENT

{¶5} Ms. Schoen's first assignment of error is that the trial court incorrectly denied her motion for relief from judgment. Unless a trial court's judgment is void, a motion to vacate or motion for relief from final judgment is governed by Rule 60(B) of the Ohio Rules of Civil Procedure. *EMC Mortgage Co. Inc. v. Atkinson*, 9th Dist. No. 25067, 2011–Ohio–59, ¶ 2–3 (explaining that civil rules eliminated trial courts' common law authority to vacate or modify their judgments). Under Civil Rule 60(B), a trial court "may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) . . . it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment . . . was entered or taken." Civ. R. 60(B).

{¶6} The Ohio Supreme Court has held that, "[t]o prevail on a motion brought under [Civil Rule] 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976). "These requirements are independent and in the conjunctive; thus the test is not fulfilled

if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St. 3d 172, 174 (1994). Although Civil Rule 60(B) is a remedial rule that should be construed liberally, the failure to satisfy any of the three requirements of the *GTE Automatic* test will result in the motion being overruled. *Cooper v. Cooper*, 9th Dist. No. 2741-M, 1998 WL 791832, *2 (Nov. 4, 1998) (citing *Kay v. Marc Glassman Inc.*, 76 Ohio St. 3d 18, 20 (1996); *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988)).

{¶7}    In this case, we need not consider whether Ms. Schoen alleged a meritorious claim or whether she may be entitled to relief under one of the grounds stated in Civil Rule 60(B) because she has failed to satisfy the timeliness prong of the *GTE Automatic* test. *See Kazarinoff v. Kazarinoff*, 9th Dist. No. 22658, 2005-Ohio-6986, ¶ 14. This Court has held that the "the movant has the burden of proof, and 'must submit factual material which on its face demonstrates the timeliness of the motion.' . . . To sustain this burden, 'good legal practice dictates that the movant . . . present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time.'" *Id.* (quoting *Cooper v. Cooper*, 9th Dist. No. 2741-M, 1998 WL 791832, *4 (Nov. 4, 1998)). If the movant fails to demonstrate that her motion is timely filed, she fails to satisfy her burden and the motion is deemed untimely. *Cooper*, 1998 WL 791832, at *4.

{¶8}    Civil Rule 60(B) requires motions for relief from judgment to be filed "within a reasonable time," but "the one year provision [in the rule] serves as an additional time limit for motions under [Civil Rule] 60(B)(1),(2) and (3)." *Cooper v. Cooper*, 9th Dist. No. 2741-M, 1998 WL 791832, *3 (Nov. 4, 1998) (quoting *Scott v. Wolny*, 9th Dist. No. 2227-M, 1994 WL 122275, *2 (Apr. 13, 1994)). "As this Court has explained, a motion based upon the first three grounds of Civ.R. 60(B) may, under the circumstances of a case, be considered untimely even

prior to the expiration of the one-year period." *Id.* (citing *Falk v. Wachs*, 116 Ohio App. 3d 716, 721 (1996); *Adomeit v. Baltimore*, 39 Ohio App. 2d 97, 106 (1974); *Fouts v. Weiss-Carson*, 77 Ohio App. 3d 563, 566-67 (1991)).

{¶9}    In this case, Ms. Schoen's motion was based on Civil Rule 60(B)(3), (4), and (5). The trial court noted that Ms. Schoen moved for relief from judgment just "[o]ne day shy of exactly one year" after the judgment had been entered, but determined that the "single issue now before the Court" is whether Ms. Schoen had set forth sufficient facts that, if proven true, would warrant relief under Civil Rule 60(B). The trial court incorrectly failed to analyze whether Ms. Schoen had filed her motion "within a reasonable time" as required by Civil Rule 60(B). A review of the record reveals that Ms. Schoen did not present any factual material to demonstrate the timeliness of her motion. She did not allege any operative facts regarding when she discovered that Mr. Schoen had allegedly concealed one or more assets and did not describe when she emerged from the mental "fog" she had suffered during the dissolution process. Although she alleged by affidavit that she suffered from depression and migraines and was under the influence of prescription medications "around the time of the Agreement and the final decree[,]" she did not allege that she moved for relief from judgment within a reasonable period of time after those influences dissipated.

{¶10}    "This Court has held that '[t]he trial court has the authority to dismiss a Civ. R. 60(B) motion without first granting an evidentiary hearing when such motion is untimely filed.'" *Cooper v. Cooper*, 9th Dist. No. 2741-M, 1998 WL 791832, *4 (Nov. 4, 1998) (quoting Bednar v. Bednar, 20 Ohio App. 3d 176, 178 (1984)). The trial court correctly denied Ms. Schoen's motion without a hearing and without permitting additional time for discovery because Ms. Schoen failed to demonstrate that her motion was timely filed. This "court is not authorized to

reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *Cooper*, 1998 WL 791832, at \*3 n.4 (quoting *State ex rel. Carter v. Schotten*, 70 Ohio St. 3d 89, 92 (1994)). Ms. Schoen's assignments of error are overruled.

## CONCLUSION

**{¶11}** Ms. Schoen's assignments of error are overruled because the trial court correctly denied her motion for relief from judgment without a hearing and without extending the time for discovery. Ms. Schoen failed to allege any operative facts to prove that she had filed her motion "within a reasonable time" as required by Civil Rule 60(B). The judgment of the Domestic Relations Division of the Medina County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶12} I respectfully dissent. I disagree with the majority's conclusion that the trial court failed to consider the timeliness prong of the *GTE Automatic* test. The trial court specifically noted that Ms. Schoen filed her motion within the one-year window set forth in Civ.R. 60(B), and subsequently went on to state that the "single issue now before the Court" was whether Ms. Schoen had presented sufficient facts to prevail on her fraud claim. In her affidavit attached to the motion to vacate filed on August 13, 2010, Ms. Schoen averred that she was "subjected to abuse, threats, constant physical and emotional abuse, stress and fear" throughout her marriage, "and especially at the time of the parties' dissolution." Ms. Schoen also stated in her affidavit that Mr. Schoen engaged in forms of abuse and fits of rage which caused Ms. Schoen "to feel powerless when discussing the dissolution." Ms. Schoen further averred that she "is under medical care and treatment; as well as prescription medications; and was under the influence of prescription medications at or around the time of the Agreement and the final decree." In light of Ms. Schoen's averments that she was in a state of fear at the time of the dissolution and that she remained under medical care at the time she swore to her affidavit, I would interpret the trial court's statement regarding the "single issue now before the Court" as an acknowledgment that Ms. Schoen had filed her motion within a reasonable time pursuant to Civ.R 60(B). It follows that I would address the arguments raised in Ms. Schoen's merit brief and remand this matter for an evidentiary hearing.

APPEARANCES:

GREGORY J. MOORE, Attorney at Law, for Appellant.

JILL R. HECK, Attorney at Law, for Appellee.

CHRISTOPHER JANKOWSKI, Attorney at Law, for Appellee.